KRUEGER v KRUEGER

Docket No. 78-1637. Submitted November 8, 1978, at Lansing.—Decided February 21, 1979. Leave to appeal applied for.

Beverly I. Krueger and Charles H. Krueger were divorced. Incorporated into the divorce judgment was an agreement reached by the parties regarding alimony, property rights, and custody and support of the couple's son. As part of the agreement, Charles was to name the son, Michael A. Krueger, as beneficiary of a life insurance policy until Michael reached the age of 21 or graduated from college. When Michael was 18, Charles changed the beneficiary, naming his mother, Mary S. Krueger. A year later, Charles died. Michael and Mary each claimed the proceeds of the insurance policy. Michael petitioned the circuit court to enforce his right to the proceeds under the agreement and judgment of divorce. The insurance company filed an interpleader action, seeking a determination of the rights of Michael and Mary to the proceeds, and deposited the proceeds with the court. The interpleader action was consolidated with the petition and the Saginaw Circuit Court, Joseph G. DeFrancesco, J., held that the agreement was enforceable and that Michael was entitled to the proceeds of the insurance policy. Mary S. Krueger appeals. *Held:*

Even though the circuit court has no power in a divorce case to compel the parties to convey a property interest to a third party, even a child of the parties, or to adjudicate claims of third parties, the court does have the power to confirm a settlement made by the parties. An agreement of the parties embodied in the judgment of divorce is enforceable even though the court would have had no power to order the same disposition in a contested case. In this case the obligation to name Michael as the beneficiary was voluntarily undertaken by Charles and not tied to or conditioned upon any other provi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 241, 937.

[2] 24 Am Jur 2d, Divorce and Separation § 884.

What law governs validity, effect, and construction of separation or property settlement agreement. 18 ALR2d 760.

[3] 24 Am Jur 2d, Divorce and Separation §§ 920, 932.

sions of the agreement. The obligation is enforceable against the named beneficiary, Mary S. Krueger.

Affirmed.

1. DIVORCE — COURTS — JURISDICTION — CONVEYANCE OF PROPERTY — THIRD-PARTY CLAIMS.

A circuit court has no jurisdiction in a divorce action to compel a party to convey property or a property interest to a third party, even a child of the parties, or to adjudicate claims of third parties.

2. DIVORCE — SETTLEMENTS — COURTS.

The parties in a divorce case may make a settlement of their interests which the court may confirm even if the court would be without power to make such a disposition of the interests if the case were contested.

3. DIVORCE — AGREEMENT OF PARTIES — ENFORCEMENT OF AGREEMENT.

A father's obligation to name his son as the beneficiary of a life insurance policy until the son reached the age of 21, which was part of an agreement entered into between the parents in a divorce action and subsequently incorporated into the judgment of divorce, and which was undertaken by the father voluntarily, may be enforced in a subsequent action.

*Joseph, Wolf & Weinstein, P.C.* (by *Jeffrey J. Endean*), for Mary S. Krueger.

*Walter Martin,* for Michael A. Krueger.

Before: D. F. WALSH, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Beverly and Charles Krueger were divorced in August of 1970. During the pendency of the suit the parties reached an agreement covering all matters pertaining to alimony, property rights, and custody and support of their adopted son. The agreement was dictated on the record and approved by the circuit court. The terms of the

agreement were incorporated in the judgment of divorce subsequently entered.

Part of the agreement incorporated in the judgment required Charles to change the beneficiary on a group life insurance policy obtained through his employer from his former wife, Beverly, to their son Michael Krueger, until Michael reached the age of 21 years or graduated from college. This obligation was not tied to the support duties or otherwise conditioned.

Charles made the change in beneficiary as agreed. However, on April 7, 1976, Charles changed the beneficiary to Mary S. Krueger, his mother. At that time Michael was 18 years old. Charles died on May. 21, 1977. On that date his mother was the named beneficiary.

Both Michael and Charles' mother claimed the proceeds of the life insurance policy, amounting to some $43,100. Michael filed a petition in the divorce action seeking to enforce his right to the proceeds under the agreement and judgment. The insurance company filed an interpleader action in the same circuit to determine the rights to the insurance proceeds between the contesting parties. After the proceeds were deposited in court, the insurance company was discharged from liability and the interpleader action was consolidated with the petition in the divorce case.

No evidence was introduced in the court below. The only question submitted was whether the oral agreement, as embodied in the judgment, requiring Charles to maintain Michael as the beneficiary was enforceable against the named beneficiary. The trial court, in a written opinion, concluded that it was. Mary S. Krueger appeals. We affirm.

We have no quarrel with the proposition that the circuit court has no jurisdiction in a divorce

case to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate claims of third parties. The Supreme Court has so held on many occasions. See, *e.g.*, *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706; 63 ALR3d 360 (1970), *Rex v Rex,* 331 Mich 399; 49 NW2d 348 (1951). Were this an appeal or separate suit by the husband attacking the judgment after such a disposition had been forced on him, we would probably be required to hold in his favor. *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962).

But, neither of those propositions is applicable here. The Supreme Court has also recognized that the parties in a divorce case may make a settlement of their interests which the court could confirm even if it could not make such a disposition if the case were contested. *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949). In our view, this is what occurred here. The wife took no alimony and the child support was in an amount less than that recommended by the Friend of the Court. She gave up something she was entitled to in exchange for a benefit to her child. Under these circumstances many courts have held that the agreement embodied in the judgment will be enforced even if the court would have had no power to order the same disposition in a contested case. Anno: *Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child,* 59 ALR3d 9, § 10, p 44. *Cf. Ovaitt v Ovaitt,* 43 Mich App 628; 204 NW2d 753 (1972) (dealing with post-majority support under an agreement).

It is also important to note that the person challenging the divorce judgment and the underly-

ing agreement was not a party to it. Under the circumstances it would be improper to allow this divorce settlement to be collaterally attacked after the husband has accepted all the benefits which he could obtain under it, but relieving him of his obligation. See, *Newton, supra,* at 357, *Binben v Continental Casualty Co,* 9 Mich App 97; 155 NW2d 883 (1957) (second wife could not collaterally attack a judgment requiring the husband to designate the children as beneficiaries). See also, *White v Michigan Life Insurance Co,* 43 Mich App 653; 204 NW2d 772 (1972).

It does not seem important, as contended by appellant, that the naming of Michael as beneficiary was not tied to the support obligation. Cases in which the insurance provision was tied to the support obligation and intended only to secure that obligation are not in point. *Gray v Independent Liberty Life Insurance Co,* 57 Mich App 590, 594; 226 NW2d 574 (1975), and *Smith v John Hancock Mutual Life Insurance Co,* 65 Mich App 193, 196; 237 NW2d 244 (1975), each contained language to the effect that it would be beyond the power of the circuit court to "compel" the husband to maintain the children as beneficiaries beyond that required to secure the support obligation. Those cases were relying on the court's jurisdiction to order support for children under MCL 552.17a; MSA 25.97(1), to partly uphold the insurance clause of the judgment. But, here the husband was not compelled to keep the son as beneficiary; he voluntarily undertook the obligation to name Michael as beneficiary until he reached 21, without reference to support obligation. The two points were not connected by the parties in their agreement. The obligation, voluntarily undertaken, may be enforced against the named beneficiary in a subsequent action.

Affirmed. Costs to appellee.