## MERCHANT v MERCHANT

Docket No. 66253. Submitted August 4, 1983, at Grand Rapids.—
Decided November 21, 1983.

Arlene Merchant, as plaintiff, and Eugene Merchant, as defendant, were divorced by order of the Kent Circuit Court in 1967 and custody of the Merchants' three minor children was granted to Arlene. Eugene, after being shown copies of the complaint and amended complaint for divorce, signed a stipulation agreeing that Arlene could proceed with the divorce with no further notice to Eugene. Neither version of the complaint included the subject of insurance, but the divorce judgment included a provision that any life insurance Eugene had on himself at that time would be made payable to the three children and that Eugene must maintain the insurance policy and make the proceeds payable to the children until the youngest child attained the age of 18 or graduated from high school, whichever occurred later, or until further order of the court. Eugene had a life insurance policy in the amount of $6,000 at that time. Eugene subsequently remarried and had another child, Terri Lynn Merchant. The second marriage ended in divorce in 1979. In 1980, Eugene changed the beneficiary on his insurance policy from Arlene Merchant to his brother, Carl Merchant, with the agreement between himself and Carl Merchant that the proceeds would be held in trust for the benefit of Terri Lynn Merchant. Eugene died in 1981 and the insurance company paid the proceeds of the insurance policy, which had increased to $9,500, to Carl Merchant. At the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 232, 233.
[2, 8] 24 Am Jur 2d, Divorce and Separation §§ 863, 1026, 1030.
[3, 6-8] 24 Am Jur 2d, Divorce and Separation § 863.
  Right of child to enforce provisions for his benefit in parents'
  separation or property settlement agreement. 34 ALR3d 1357.
[4] 17 Am Jur 2d, Contracts §§ 67, 68.
[4, 8] 24 Am Jur 2d, Divorce and Separation § 856.
[5] 4 Am Jur 2d, Appeal and Error § 76.
[6] 17 Am Jur 2d, Contracts § 67.
[9, 10] 24 Am Jur 2d, Divorce and Separation § 1049.

time of Eugene's death, the youngest of Eugene and Arlene Merchant's children was within 2 weeks of his 18th birthday and was married. Arlene Merchant and her three children filed suit in Kent Circuit Court, naming Eugene Merchant's estate and Carl Merchant as defendants, seeking to enforce the insurance provision of the 1967 divorce judgment. Terri Lynn Merchant intervened in the action as a defendant. The court, Stuart Hoffius, J., ruled that the plaintiff children could not be deemed beneficiaries of their father's insurance policy unless there was evidence of a valid agreement between their parents to effect such a result. The court then found that there had been no such agreement and dismissed plaintiffs' complaint. Plaintiff children appealed. *Held:*

1. The trial court had the authority to require child support and the power to secure its payment through a lien, therefore the insurance provision did not need to be based upon the agreement of the parties in order to be valid. Eugene Merchant was obligated to pay any child support due and owing on the date of his death out of the proceeds of the insurance policy.

2. None of the plaintiff children are entitled to payment of child support out of the proceeds of the insurance policy since Eugene Merchant's obligation to pay child support to the plaintiff children had ended at the time of his death.

3. Arlene Merchant is entitled, on behalf of the plaintiff children, to payment out of the insurance proceeds of any support arrearages due and owing at the time of Eugene Merchant's death, with the limitation that decedent was not required to support Gary Merchant beyond the date of Gary's marriage.

4. The case is remanded to the trial court for an evidentiary hearing to determine what amount of arrearages, if any, exist. Any arrearages found to exist may only be deducted from the first $6,000 of the insurance proceeds. The remainder of the proceeds is to go to Carl Merchant, to be held in trust for Terri Lynn Merchant.

Affirmed in part, reversed in part and remanded.

1. DIVORCE — COURTS — STATUTES.

The authority of a trial court in divorce proceedings is purely statutory.

2. INSURANCE — LIFE INSURANCE — COURTS.

There is no statute authorizing a court to compel a husband and father to maintain insurance on his life for his children's benefit.

3. COURTS — DIVORCE — PROPERTY SETTLEMENT AGREEMENTS — THIRD PARTIES.

A court has no jurisdiction to compel a party in a divorce to convey property to third parties, including the children of the parties; the parties themselves, however, are free to enter into a property settlement agreement which the court may confirm, even one which the court could not itself order if the case were contested.

4. DIVORCE — PROPERTY SETTLEMENT AGREEMENTS.

An oral property settlement agreement stated on the record by the parties to a divorce, or an agreement reduced to writing and approved by both parties, is enforceable by the court.

5. APPEAL — FINDINGS OF FACT — COURT RULES.

Findings of fact by a trial court shall not be set aside unless clearly erroneous (GCR 1963, 517.1).

6. DIVORCE — PROPERTY SETTLEMENT AGREEMENTS — ORAL AGREEMENTS — THIRD PARTIES.

An oral agreement must be clear and apparent from the record of a divorce proceeding before it can provide the basis for a trial court's confirmation of a property award to a third party.

7. DIVORCE — PROPERTY SETTLEMENT AGREEMENTS — THIRD PARTIES — CHILD SUPPORT.

A trial court cannot award property of divorcing parties to third parties, but the court is statutorily empowered to order a divorcing parent to provide for the support of his or her child and has the authority to place a lien on the real or personal property of the supporting parent to ensure payment of support which has been ordered (MCL 552.16, 552.27, 722.27; MSA 25.96, 25.105, 25.312[7]).

8. DIVORCE — INSURANCE — LIFE INSURANCE — CHILD SUPPORT.

A provision of a divorce judgment which states that one of the divorcing parents must maintain a life insurance policy on his or her life payable to the minor children which that parent is ordered to support may be viewed as a part of that parent's support obligation, and, when so viewed, the children receive the life insurance proceeds only to the extent that they are still entitled to child support at the time of that parent's death; such a provision may in other cases be intended to act as security for the payment of court-ordered child support rather than as support itself, in which case the children would be

entitled to payment of support from the proceeds until they were 18, and any support arrearages existing at the time of the decedent's death could also be paid out of the proceeds since the insurance provision effectively placed a lien for support upon the insurance policy.

9. PARENT AND CHILD — MINORS — MARRIAGE — EMANCIPATION.
   Marriage of a minor results in his or her emancipation by law (MCL 722.4[1][a]; MSA 25.244[4][1][a]).

10. PARENT AND CHILD — CHILD SUPPORT — EMANCIPATION.
    A parent is not required to support an emancipated child (MCL 722.3[1]; MSA 25.244[3][1]).

*Glocheski, Buer, Pierce & Cone* (by *Sherman H. Cone*), for plaintiffs.

*Orton, Tooman, Hale & McKown, P.C.* (by *Stephen B. McKown*), for defendant.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

SHEPHERD, J. Plaintiffs-appellants appeal as of right the court order dismissing their claim to ownership of life insurance proceeds.

Plaintiffs-appellants were the children of decedent, Eugene Merchant, and his first wife, Arlene, who were divorced on September 29, 1967. The decedent did not contest the divorce nor did he appear in court. Instead, after apparently being shown copies of the complaint and amended complaint for divorce, he signed a stipulation agreeing that Arlene Merchant could proceed with the divorce without further notice to decedent. Although the subject of insurance had not been included in either version of the complaint, the divorce judgment included the following provision:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"INSURANCE

"It is further ordered and adjudged that whatever insurance defendant now has on his life shall be made payable to the minor children of the parties as beneficiaries and that defendant shall pay the premiums and maintain said children as beneficiaries until the youngest child attains the age of eighteen years or completes high school, whichever is later, or until the further order of the court."

The policy then in effect was in the amount of $6,000 with Continental Assurance Company. At the time of decedent's death, the value of the policy had been increased to $9,500 as the result of labor negotiations. Decedent never actually named his children as beneficiaries.

Decedent eventually remarried and was divorced from his second wife in May, 1979. Once child, Terri Lynn Merchant, was born of this marriage. By the terms of the second divorce judgment, decedent was required to keep Terri named as beneficiary on a separate John Hancock life insurance policy owned by decedent. At the time of decedent's death, the proceeds of this policy were still payable to Terri, and plaintiffs do not claim an interest in this policy.

On March 1, 1980, decedent changed the beneficiary on the first policy from Arlene Merchant to decedent's brother, defendant Carl Merchant. He and decedent agreed that the proceeds would be held in trust for the benefit of Terri. The insurer was also changed on this date to Provident Life & Accident Insurance Company.

Decedent died on November 25, 1981. Two children of his first marriage were then over 18 and

out of high school. The youngest, Gary Merchant, was 17 and would turn 18 two weeks later. He was married. The insurance company, which had no notice of the divorce judgment, paid the proceeds of the $9,500 policy to defendant Carl Merchant as named beneficiary. The three children of decedent's first marriage, plaintiffs here, then filed suit in Kent Circuit Court seeking to enforce the insurance provision of their parents' divorce judgment. The trial court ruled that plaintiff children could not be deemed beneficiaries of their father's insurance policy unless there was evidence of a valid agreement between their parents to effect such a result. The court found that there had been no agreement and dismissed plaintiffs' claims.

On appeal, plaintiff children, as appellants, claim that the trial court erred in finding that there had been no agreement between decedent and his first wife. Furthermore, appellants argue, defendant Carl Merchant and intervening defendant, Terri Lynn Merchant, could not collaterally attack the divorce judgment after decedent had accepted all benefits obtainable under the judgment.

In divorce proceedings, the authority of the trial court is purely statutory. There is no statute authorizing a court to compel a husband and father to maintain insurance on his life for his children's benefit. *Gray v Independent Liberty Life Ins Co*, 57 Mich App 590, 594; 226 NW2d 574 (1975). The court has no jurisdiction to compel a party in a divorce to convey property to third parties, including the children of the parties. The parties themselves, however, are free to enter into a property settlement agreement which the court may confirm, even one which the court could not itself order if the case were contested. *Kasper v Metro-*

*politan Life Ins Co,* 412 Mich 232, 238; 313 NW2d
904 (1981); *Krueger v Krueger,* 88 Mich App 722,
724-725; 278 NW2d 514, *lv den* 406 Mich 1003
(1979). In both *Kasper* and *Krueger,* a provision in
a divorce judgment requiring the husband to main-
tain a life insurance policy payable to his children
was upheld because the husband and wife had
negotiated and agree to this provision. In *Krueger,*
*supra,* pp 723-724, the parties reached an agree-
ment on all matters during pendency of the di-
vorce. The agreement was read into the record,
approved by the court, and subsequently incorpo-
rated into the judgment. In *Kasper, supra,* pp 256-
257, the husband and his attorney signed the last
page of the judgment under the term "approved".
Other evidence tended to show that the parties
had previously entered into an oral agreement.
However, the case was remanded to ensure that
an agreement had actually been reached. Al-
though it was made clear in *Kasper* that artificial
distinctions as to the method utilized by the par-
ties to effectuate a property agreement should be
avoided, there must be evidence of a valid contrac-
tual agreement. Oral agreements stated on the
record by the parties or reduced to writing and
approved by both parties are enforceable.

In the instant case, appellants argue that an
agreement between decedent and his first wife is
evidenced by (1) a conversation between decedent
and his wife's attorney and decedent's subsequent
signing of a stipulation allowing his wife to pro-
ceed with the divorce without further notice to
him and (2) decedent's failure to contest any por-
tion of the judgment. The trial court, however,
found that there was no evidence in Arlene Mer-
chant's testimony at the divorce hearing that
there had been any agreement between the par-

ties; that, although decedent had allegedly met with Mrs. Merchant's attorney, that meeting had occurred while only a separate maintenance action was pending; and further, that there was no evidence as to when the stipulation waiving notice was signed or whether it had been explained to decedent. Since there was insufficient evidence of an agreement between the parties, the court held that the provision could not be enforced.

Findings of fact by a trial court shall not be set aside unless clearly erroneous. GCR 1963, 517.1. We do not find clear error in the instant case. Although an oral agreement may provide the basis for a trial court's confirmation of a property award to a third party, the agreement must be clear and apparent from the record. See, *e.g., Kasper, supra.* We agree with the trial court that no such clarity exists in the instant case. No property agreement was ever reduced to writing or placed on the record by the parties and the judgment was never approved by defendant. Our analysis does not end here, however.

Although a trial court may not award property of the divorcing parties to third parties, the court is statutorily empowered to order a divorcing parent to provide for the support of his or her child, MCL 552.16; MSA 25.96 and MCL 722.27; MSA 25.312(7). The court also has the authority to place a lien on the real or personal property of the supporting parent to ensure payment of support which has been ordered. MCL 552.27; MSA 25.105. The latter statute provides that where child support is awarded to one party:

"[T]he amount thereof shall constitute a lien upon such of the real and personal estate of the adverse party as the court by its judgment shall direct, and in default of payment of the amount so awarded, the court

* * * may award execution for the collection of the judgment, or the court may sequester the real and personal estate of either party and may appoint a receiver thereof, and cause such personal estate * * * to be applied to the payment thereof or the court in lieu of a money allowance may award such a division between the husband and wife of the real and personal estate of either party * * * as he shall deem to be equitable and just."

Where the award sought to be enforced and collected on is a modifiable one, such as child support, the accrued amounts in question should be ascertained by the trial court before seeking execution for the collection of the full amount owed. This proceeding allows the court to determine whether the accrued amount should be modified and "fixes what had not been made final in the divorce decree". *Corley v Corley,* 79 Mich App 499, 502; 261 NW2d 65 (1977); *Kavanagh v Kavanagh,* 30 Mich App 636; 186 NW2d 870 (1971).

An insurance provision such as the one under consideration here may be viewed as a part of a divorcing parent's support obligation. *Metropolitan Life Ins Co v Self,* 129 Mich App 242; 341 NW2d 488 (1983); *In re Long Estate,* 99 Mich App 240; 298 NW2d 13 (1980). When so viewed, the children receive the life insurance proceeds only to the extent that they are still entitled to child support at a decedent's death. See *Smith v John Hancock Mutual Life Ins Co,* 65 Mich App 193; 237 NW2d 244 (1975), and *Gray, supra,* where this Court held that a decedent's children were not entitled to life insurance proceeds because the decedent no longer had a duty to pay child support at the time of his death.

An insurance provision requiring the children of

a divorcing parent to be named as beneficiaries may in other cases be intended to act as security for the payment of court-ordered child support rather than as support itself. *In re Monreal Estate,* 126 Mich App 60; 337 NW2d 312 (1983); *Gray, supra.* Under this interpretation, the children would be entitled to payment of support from the proceeds until they were 18; additionally, any support arrearages existing at the time of the decedent's death could also be paid out of the proceeds since the insurance provision effectively placed a lien for support upon the insurance policy.

In the instant case, we are of the opinion that the insurance provision was intended to act as security for decedent's support obligation. Although lacking the clear language found in *Monreal* and *Self, supra,* which specifically stated that the children were to remain beneficiaries until their father's support obligation had ended, it is substantially clearer than that used in *Smith, supra,* where the provisions simply stated that the father should "keep and maintain as beneficiary" on his life insurance policy "the minor child of the parties". 65 Mich App 194. The provision in the instant case required that the children remain beneficiaries until they reached 18 or graduated from high school, language paralleling that used in the support provision of the divorce judgment. *Monreal* and *Gray* found such security permissible; however, both of those cases involved an agreement between the parties to include the insurance provision in the divorce judgment and the question they raised before this Court was therefore one of interpretation of the parties' intent. Here we have no such agreement. The question then becomes one of the trial court's authority to so secure

support. We find such authority to be bestowed by the statutory lien provision, MCL 552.27; MSA 25.105, and consider the insurance provision in the divorce judgment to have provided for just such a child support lien upon the proceeds of decedent's insurance policy.

We have found no other Michigan cases dealing with the lien statute in this context. The Michigan Supreme Court declined to reach this question in *Kasper,* 412 Mich 255, fn 5. However, we consider the language of the statute sufficiently clear and relevant to render it applicable in the instant case. Since the trial court had the authority to require child support and the power to secure its payment through a lien, the insurance provision did not need to be based upon the agreement of the parties in order to be valid. Decedent was obligated to pay any child support due and owing on the date of his death out of the proceeds of the insurance policy. The next question for this Court, then, is what the amount of that support is.

Two of decedent's children, appellants Dora Merchant and Joni Dare, were over 18 and out of high school at the time of his death. They are therefore entitled to none of the insurance proceeds unless there was a support arrearage at the date of their father's death. Only one child, appellant Gary Merchant, was under 18. Normally, since he turned 18 two weeks after decedent's death, this would require payment of two weeks child support from the insurance proceeds. In this case, however, the sole minor child was married. In Michigan, marriage of a minor results in emancipation by law. MCL 722.4(1)(a); MSA 25.244(4)(1)(a). A parent is no longer required to support an emancipated child. MCL 722.3(1); MSA 25.244(3)(1). Since we find that the insurance provision was intended to

secure support, insurance proceeds are not payable to appellant Gary Merchant because he was no longer entitled to support. Since the provision did act as a lien, however, decedent's first wife, Arlene Merchant, is entitled, on behalf of the appellants, to payment out of the insurance proceeds of any support arrearages due and owing at the time of decedent's death, with the limitation that decedent was not required to support Gary beyond the date of his marriage. As it is not clear from the record before us whether arrearages do in fact exist, or, if so, in what amount, and since such a determination is clearly necessary before payment may be had (see *Corley* and *Kavanagh, supra),* we remand to the trial court for an evidentiary hearing in order that it may make that determination. If there are in fact arrearages, the court should order them paid out of the insurance proceeds with the balance going to Carl Merchant to be held in trust for Terri Lynn Merchant.

In any event, however, arrearages may only be deducted from the first $6,000 of the insurance proceeds, which was the amount of the policy at the time decedent and Arlene Merchant were divorced. The additional $3,500 of coverage was added after the divorce. The divorce judgment makes no provision for after-acquired insurance. While the intent of the parties or the trial court as to treatment of after-acquired insurance would be controlling, see *White v Michigan Life Ins Co,* 43 Mich App 653, 657-658; 204 NW2d 772 (1972), there is no indication on the record supplied to this Court of what that intent was. Rather than take the affirmative step of adding the after-acquired insurance to the initial value of the policy referred to in the divorce judgment, we deem it more appropriate to preserve the status quo as it

existed at the time the divorce judgment was entered. The $3,500 by which the policy was subsequently increased is therefore payable immediately to the named beneficiary, Carl Merchant, in trust for Terri Lynn Merchant. The amount by which the initial $6,000 exceeds any child support arrearages due and owing at decedent's death shall be payable to Carl Merchant to be held in trust for Terri Lynn Merchant, after those arrearages have been deducted.

Affirmed in part; reversed in part; remanded for proceedings consistent with this opinion.

No costs, neither party having prevailed in full.