CHAMBERS v GENERAL MOTORS CORPORATION and GOMEZ v GENERAL MOTORS CORPORATION, Nos. 71719, 71921. Reported at 422 Mich 636.

CAVANAGH, J., joined by WILLIAMS, C.J., states:

We concur in the denial of rehearing. We do so separately only to note that this denial intimates no opinion as to the applicability of MCL 418.833(2); MSA 17.237(833)(2) to attempt to recoup overpayments pursuant to MCL 418.354(9); MSA 17.237(354)(9).

BOYLE, J. (*dissenting.*)

I would grant rehearing. As the author of this opinion, I am acutely aware of the hardships apparently caused by the position that the decision of this Court authorizes recoupment of all "overpayments" occurring after March 31, 1982.

Whether this position is legally correct is not, itself, the subject of a lawsuit currently before this Court. Parties representing the competing interests have not had their day in court on the issue. Since we do not know what arguments these interests might advance, we cannot anticipate what the result of that lawsuit might be.

However, when a decision has such harsh and unforeseen consequences, inclinations to criticize the Legislature, to support the finality of litigation, to avoid not only the admission of error but the possibility that admission of error will be seen as yielding to political pressure, are subordinated to the ultimate question: Did the Court correctly discern the intent of the Legislature?

Since I am convinced that we cannot confidently give an affirmative answer to that question, I believe we should grant reconsideration. I

reach this conclusion because consideration of the effect of the case and intensive review of the arguments set forth in the original briefs and in the briefs advanced in favor and in opposition to rehearing convince me that § 354; MCL 418.354; MSA 17.237(354), is ambiguous and requires construction.

Section 354(1) refers to an exemption of "specific loss benefits under § 361, subsections (2) and (3)" from coordination. Section 354(17) exempts specific loss benefits paid under § 361, subsections (2) and (3) from coordination. The *quaere* here is presented by the observation that when § 354 discusses § 361, it can only reasonably refer to § 361 as amended by 1980 PA 357. Before the 1980 amendment, § 361, subsections (1) and (2) covered specific losses. Only after the 1980 amendment did § 361, subsections (2) and (3) provide for specific losses as stated by § 354, subsections (1) and (17). Thus, § 354, subsections (1) and (17) apply in at least two circumstances to benefit provisions *as amended by* 1980 PA 357. *Ergo*, it is unclear whether or not § 354 applies only to persons injured after its effective date or to all benefit recipients.

A potentially anomalous result of applying the plain-meaning rule to § 354, subsections (1) and (17) is that certain specific loss benefits for injuries prior to the effective date of § 354 might be subject to coordination, while the same injury occurring after the effective date is specifically exempted by § 354, subsections (1) and (17). Section 354(17) shows a legislative intent to exempt specific loss benefits due to the special human loss involved and could thus be construed as applying to all specific losses regardless of the injury date. However, the specificity of the Legislature's exemption of losses under § 361, subsections (2) and (3) could also be construed as evincing a conscious legislative decision to coordinate specific loss benefits received under § 361(1) for injuries occurring before March 1982. Since reasonable minds could disagree on the question, interpretation of the statute is required. *City of Lansing v Lansing Twp,* 356 Mich 641, 649; 97 NW2d 804 (1959).

I do not wish to be understood as having reached a decision on the merits of the issue. Our prior decision should be reconsidered because the inapplicability of the plain-meaning rule to the statute at issue may have led to an erroneous conclusion.

The incorrect methodology of our opinion leaves serious questions regarding the original decision in these cases. I would therefore grant rehearing.

LEVIN, J., states:

In joining in the order denying rehearing, I wish to associate myself with the view expressed by Justice BOYLE that the only correct consideration at this time is whether the Court, on the original submission, correctly discerned the intent of the Legislature.