McMATH v McMATH

Docket No. 96140. Submitted November 1, 1988, at Detroit. Decided
February 6, 1989.

Deanna M. McMath filed a complaint seeking a divorce from
Patrick B. McMath in the Wayne Circuit Court. Under the
judgment of divorce, defendant's child support obligation was
set at $50 a week for each of the parties' children, Colleen M.
and Patrick M. McMath, and defendant was ordered to pay an
arrearage of $8,060 in interim child support for each child.
After Colleen M. McMath attained the age of majority, defen-
dant's arrearage in support payments for this child was re-
duced to a money judgment in the amount of $11,935. Defen-
dant subsequently moved to Shelby County, Tennessee, where
plaintiff eventually filed in that county's juvenile court a peti-
tion under the Uniform Reciprocal Enforcement of Support Act
to register the Wayne Circuit Court judgment relating to
defendant's arrearage in support payments for Colleen and to
reduce to a money judgment defendant's arrearage in support
payments for Patrick. The Tennessee court awarded plaintiff
$11,935 plus interest of $1,402 for a total of $13,337 in defen-
dant's arrearage in support payments for Colleen. The Tennes-
see court found the arrearage for Patrick to be $16,610, which
was reduced to a $7,575 award to plaintiff after a credit of
$3,875 for payments made by defendant and an abatement of
$5,200. Plaintiff thereafter obtained orders from the Wayne
Circuit Court increasing support payments for Patrick to $100
per week and declaring defendant to have a total arrearage of
$28,270 in support payments. The Tennessee court subse-
quently issued an order declaring defendant to have fully
satisfied the judgment issued against him by that court. Defen-
dant petitioned the Wayne Circuit Court to enter an order in
accordance with the order of the Tennessee court declaring him
fully paid in child support. The trial court, Richard C. Kauf-
man, J., denied the petition, finding the Tennessee order to be

REFERENCES

Am Jur 2d, Desertion and Nonsupport §§ 117 *et seq.*

Construction and effect of provision of Uniform Reciprocal Enforce-
ment of Support Act that no support order shall supersede or
nullify any other order. 31 ALR4th 347.

without force, and ordered defendant to pay all amounts due and owing under the support orders of the Wayne Circuit Court. Defendant appealed.

The Court of Appeals *held:*

1. The Wayne Circuit Court erred in failing to give full faith and credit to that part of the Tennessee order relating to the arrearage in support payments for Colleen. That arrearage had been reduced to a money judgment issued by the Wayne Circuit Court and was thus properly subject to enforcement in the Tennessee court.

2. With respect to Patrick M. McMath, the arrearage for his support had not been reduced to a money judgment from the Wayne Circuit Court. Under the Uniform Reciprocal Enforcement of Support Act, now the Revised Uniform Reciprocal Enforcement of Support Act, the court of the initiating state, in this case the Wayne Circuit Court, is not bound by the terms of a support order issued by the court of the responding state, in this case the Tennessee juvenile court, when calculating the arrearage due under the original judgment of support. On remand for a determination of the arrearage for this child's support, the Wayne Circuit Court may disregard the abatement granted by the Tennessee court, but must give full credit for payments made by defendant pursuant to the order of the Tennessee court.

Affirmed in part, reversed in part, and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — JUDGMENTS — EXECUTION.

Accrued, unpaid or past due amounts of child support must be transmuted into the form of a money judgment before a party may proceed to collect by execution.

2. PARENT AND CHILD — CHILD SUPPORT — FULL FAITH AND CREDIT — CONSTITUTIONAL LAW.

It is only when the amounts due on child support are final and fixed in the form of a money judgment that the courts of a sister state will recognize and enforce the judgment under full faith and credit commanded by the United States Constitution (US Const, art IV, § 1).

3. PARENT AND CHILD — CHILD SUPPORT — REVISED UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT.

Under the Revised Uniform Reciprocal Enforcement of Support Act, the court of the initiating state is not bound by the terms of a support order issued by the court of the responding state when calculating the arrearage due under the original judgment of support (MCL 780.171; MSA 25.225[21]).

4. PARENT AND CHILD — CHILD SUPPORT — REVISED UNIFORM RECIP-
   ROCAL ENFORCEMENT OF SUPPORT ACT.

   Under the Revised Uniform Reciprocal Enforcement of Support
   Act, the original order of child support rendered in the court of
   the initiating state is unaffected by an order subsequently
   rendered in the responding state, except that payments made
   under the subsequent order shall be credited against payments
   accruing or accrued under the original order (MCL 780.171;
   MSA 25.225[21]).

*Louis Weingarden* and *Steven M. Kaplan,* for
defendant.

Before: GILLIS, P.J., and DOCTOROFF and K. N.
SANBORN,* JJ.

DOCTOROFF, J. Defendant appeals as of right
from the decision of the trial court denying full
faith and credit to a final judgment of a Tennessee
court regarding the amount of child support owed
by defendant pursuant to a default judgment of
divorce and subsequent proceedings relating to
child support. Defendant claims that the trial
court erred in refusing to grant full faith and
credit to the January 18, 1985, order of the Ten-
nessee juvenile court declaring that all judgments
against defendant entered by that court were paid
in full. We affirm in part, reverse in part and
remand.

Plaintiff filed a complaint for divorce on Septem-
ber 29, 1978. On October 3, 1978, the court entered
an interim support order for payment by defen-
dant of $83 per week per child. A default judg-
ment of divorce was entered on May 2, 1980.
Defendant was ordered to pay $50 per week for
each of two minor children: Colleen Marie Mc-
Math, date of birth May 11, 1964 (age of majority
May 11, 1982), and Patrick M. McMath, date of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

birth May 27, 1968 (age of majority May 27, 1986). The judgment also determined an arrearage of temporary support as of April 30, 1980, of $16,120 ($8,060 per child) and ordered defendant to pay the arrearage.

On August 2, 1983, an order was entered reducing the child support arrearage as to Colleen McMath, who had reached majority age, to a money judgment in the amount of $12,170 plus interest from June 3, 1983. This order was amended nunc pro tunc on April 18, 1984, to reflect the amount of $11,935.

On April 25, 1984, in the juvenile court in Shelby County, Tennessee, plaintiff filed a petition to register a foreign judgment and reduce child support arrearage to a money judgment. Plaintiff was a resident of Detroit and defendant was a resident of Shelby County at the time. Plaintiff's prayer for relief requested, in part, (1) that the Tennessee court enter a judgment in the amount of $11,935, recognizing and validating the August 2, 1983, order (as amended nunc pro tunc by the April 18, 1984, order) of the Wayne Circuit Court of Michigan, and (2) that the Tennessee court reduce the support arrearage owed for Patrick McMath to a money judgment to reflect the amount owed as determined by the Friend of the Court in proceedings pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.*, in Wayne County. Plaintiff's petition acknowledged that defendant had made total payments in 1981, 1982 and 1983 of $5,250.

In its August 20, 1984, order, as to Colleen McMath, the Tennessee court credited defendant with payments of $1,375. Plaintiff was awarded $11,935 plus interest of $1,402 for a total of $13,337.

The Tennessee court found the total arrearage for Patrick McMath to be $16,610 through September 15, 1983. Defendant was credited with payments of $3,875. The credits as to both Colleen and Patrick reflect the $5,250 mentioned above. Defendant was also awarded an abatement of $5,200 against his arrearage. Plaintiff was awarded a total of $7,575, which included interest, through September 15, 1983.

These findings were reduced to a final judgment of the Tennessee court on August 20, 1984.

Subsequently, in Michigan, plaintiff obtained an order on November 5, 1984, granting registration and full faith and credit to the August 20, 1984, Tennessee judgment. On December 4, 1984, plaintiff obtained an order stating that the total arrearage as of December 4, 1984, was $28,270. This order made no mention of either the Tennessee judgment or the November 5, 1984, order giving it full faith and credit.

On January 18, 1985, the Tennessee referee found that the judgment entered on August 20, 1984, including principal, interest, court costs and fees through January 18, 1985, had been paid in full. The referee recommended that this be so noted in the docket of the juvenile court of Shelby County, Tennessee. The findings and recommendation of the referee were reduced to an order of the Tennessee court on January 18, 1985.

On August 12, 1985, plaintiff obtained an order in the Wayne Circuit Court increasing child support for Patrick to $100 per week. An ex parte order for substituted service on defendant was entered on October 25, 1985.

On December 30, 1985, defendant filed a petition in Wayne Circuit Court requesting (1) a hearing to determine the credits due to defendant for child support, (2) that the court enter an order in accor-

dance with the order of the Tennessee court declaring defendant fully paid for child support as of January 18, 1985, and (3) that the court enter an order nunc pro tunc, reducing the amount of child support ordered on October 3, 1978, from $83 per week to $50 per week for each child.

As a result of this petition, defendant obtained an order from the Wayne Circuit Court on February 3, 1986, that defendant's child support arrearage was paid in full as of January 18, 1985.

A hearing was held regarding defendant's petition on March 24, 1986. Defendant's position was that the Tennessee order was valid and the court should give it full faith and credit and determine the arrearage based upon that order. Plaintiff's position was that the Tennessee order was without force because the Tennessee court did not have jurisdiction to enter the order. Under URESA, the Tennessee court had jurisdiction only to enforce the Michigan judgment, but instead, plaintiff argued, it adjudicated the amount. Plaintiff contended that the court should look to the last order entered in the Wayne Circuit Court to determine present arrearage.

Following the hearing, the trial court set aside its February 3, 1986, order, declared the January 18, 1985, order of the Tennessee court to be without force and null and void because it was entered without jurisdiction, and ordered defendant to pay "all amounts due and owing under the support orders of this court." An order to that effect was entered on April 18, 1986.

Defendant's petition to set aside the April 18, 1986, order was denied. Defendant's motion for rehearing was denied by order entered on October 6, 1986. Defendant appeals from the order entered on April 18, 1986.

We affirm the April 18, 1986, order insofar as it

set aside the court's prior order of February 3, 1986. However, we find that the trial court erred in refusing to give full faith and credit to the Tennessee juvenile court decree dated January 18, 1985.

The January 18, 1985, Tennessee decree stated that "all judgments entered heretofore in this cause on August 20, 1984, including, principal, interest through January 18, 1985 and all court costs through January 18, 1985, including all fees and execution costs have been paid in full." The August 20, 1984, judgments reflected that the total arrearage owed on behalf of Colleen McMath was $13,337 as of August 20, 1984, and the total arrearage through September 15, 1983, owed on behalf of Patrick McMath was $7,575 as of August 20, 1984.

Defendant's claim that he paid all child support obligations through January 18, 1985, is incorrect. The January 18, 1984, Tennessee decree acknowledges payment of the August 20, 1984, judgment plus the interest and costs which accrued on the judgment as of January 18, 1985. We conclude that this represents the total arrearage owed on child support for Colleen McMath, as she had reached the age of majority on May 11, 1982. However, as to Patrick McMath, the Tennessee judgment of August 20, 1984, determined support owed only through September 15, 1983.

In Michigan, which allows modifications of child support payments, including accrued, unpaid installments, past due amounts must be transmuted into the form of a money judgment before a party may proceed by execution. *Corley v Corley,* 79 Mich App 499, 501; 261 NW2d 65 (1977); *Merchant v Merchant,* 130 Mich App 566, 574; 343 NW2d 620 (1983). Generally, the moving party petitions to have any arrearage reduced to a money judg-

ment, at which time the court ascertains whether the original award or any arrearage should be modified. *Van Houten v Van Houten,* 159 Mich App 713, 716; 407 NW2d 69 (1987). The amount owed is then fixed and not subject to modification. *Corley, supra,* p 502. It is only when the amounts due on support are final and fixed that the courts of a sister state will recognize and enforce the judgment under full faith and credit commanded by US Const, art IV, § 1. *Barber v Barber,* 323 US 77; 65 S Ct 137; 89 L Ed 82 (1944); *Talbot v Talbot,* 99 Mich App 247, 252; 297 NW2d 896 (1980).

The full faith and credit clause of the United States Constitution requires that judicial proceedings shall have the same full faith and credit in every court within the United States as they have by law or usage in the court of the state from which they are taken. Full faith and credit thus generally requires every state to give a judgment at least the res judicata effect which the judgment would be accorded in the state which rendered it. *Durfee v Duke,* 375 US 106, 109; 84 S Ct 242; 11 L Ed 2d 186 (1963).

The purpose of URESA, as revised by 1985 PA 172 (RURESA), is to provide by reciprocal legislation a mechanism for enforcement across state lines of duties of support already in existence. *Fitzwater v Fitzwater,* 97 Mich App 92, 96; 294 NW2d 249 (1980); MCL 780.152; MSA 25.225(2). The act is procedural only and does not create any duties of family support. It is concerned solely with the enforcement of the already existing duties when the obligee is in one state and the obligor is in another. *Miskimon v Miskimon,* 173 Mich App 393; 433 NW2d 419 (1988).

In order to determine the effect of the Tennessee order, we must look to the antinullification provision of RURESA, MCL 780.171; MSA 25.225(21). This

provision was substantially changed by the 1985 amendments. Since the amendments relate only to remedy or procedure, they may be given retrospective application. *Franks v White Pine Copper Division,* 422 Mich 636, 672; 375 NW2d 715 (1985), reh den sub nom *Chambers v General Motors Corp,* 424 Mich 1202 (1985); *Miskimon, supra.* The antinullification provision provides:

> A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.

In *Miskimon, supra,* pp 399-400, this Court considered the question whether an original judgment is modified by a foreign support order. We determined that an initiating state is not bound by the terms of a foreign support order when calculating the arrearage due under the original judgment of support. MCL 780.154; MSA 25.225(4) states that "[t]he remedies herein provided are in addition to and not in substitution for any other remedies." Therefore, while a trial court in a responding state may enter its own prospective support order which differs in amount from the original support order, foreign support orders provide additional, supplementary, or cumulative remedies, and do not nullify, supersede or modify the original support decree. *Id.*

Under this reasoning, the original support order is only affected by the payments credited to it pursuant to the antinullification provision. The reason for the credit is to prevent duplication of payment. An obligor is not relieved of his duties under the original order, and he is entitled to a credit for only the amounts he has actually paid. Thus, an arrearage can accumulate if the foreign support order calls for payments which are less than the amount owing under the original order. The foreign state may modify the *amount* of support, but not the *decree* of the initiating state. *Id.*

In the present case, an order was entered in Wayne Circuit Court on August 2, 1983, and amended nunc pro tunc on April 18, 1984, which determined that defendant owed child support for Colleen McMath in the amount of $11,935. The order represented a final judgment of the Wayne Circuit Court for a sum certain which was not subject to modification. *Corley, supra,* p 502. Plaintiff petitioned to have that judgment enforced in a URESA action in the Tennessee juvenile court. We find that the Tennessee court did, in fact, enforce that judgment in its August 20, 1984, order. In that order, defendant was required to pay $13,337 for the arrearage owed to Colleen. The Tennessee court's decree of January 18, 1984, acknowledges payment of the August 20, 1984, judgment. Thus, as to Colleen McMath, the trial court should have granted full faith and credit to the Tennessee decree which merely enforced the Wayne Circuit Court judgment. Defendant should be credited in this state with a satisfaction of the Wayne Circuit Court judgment as to Colleen McMath. *Miskimon, supra.*

As to the minor child, Patrick McMath, the situation is a bit different. Plaintiff petitioned the Tennessee court in a URESA action to reduce to a

money judgment the amount owed by defendant in child support for Patrick McMath. There were two orders of the Wayne Circuit Court outstanding at the time of plaintiff's petition. Both are found in the May 2, 1980, default judgment of divorce. In the first order, the amount owed by defendant in child support for Patrick McMath under the interim child support order was determined to be $8,060. This order represented a final judgment of the Wayne Circuit Court for a sum certain which was not subject to modification. *Corley, supra.* In the second order, defendant was ordered to pay $50 per week for Patrick McMath. Past due installments under that order were subject to modification until reduced to a money judgment at law. *Id.*

The Tennessee court determined the total arrearage due on behalf of Patrick McMath to be $16,610 under the two existing orders through September 15, 1983. It then granted defendant credit for payments established in the amount of $3,875 through September 15, 1983, in accordance with plaintiff's petition. We find that up to this point, the Tennessee court did not exceed its jurisdiction as determined by § 21 of RURESA.

However, in the same judgment, the Tennessee court also granted an abatement of the arrearage owed on behalf of Patrick McMath in the amount of $5,200. Our review of the record reveals no indication of the reason for this abatement. We find no evidence that it represents any payments made on behalf of Patrick McMath. We conclude, based upon *Miskimon* and § 21 of RURESA, that this abatement granted to defendant in Tennessee in no way modifies or abrogates the Michigan judgment or order as to Patrick McMath and that an arrearage continues to accumulate under the Michigan judgment. The Wayne Circuit Court is

not bound by the abatement granted to defendant in Tennessee when calculating the arrearage due under the original judgment of support for Patrick McMath. Defendant is not relieved of his duties under the original order, but he is entitled to full credit for the amounts he actually paid pursuant to the Tennessee order. Thus, we remand this case to the circuit court to grant full faith and credit to the Tennessee decree of January 18, 1985, as to payments actually paid by defendant for Patrick McMath, without regard to the abatement granted by the Tennessee court, and for a determination of the arrearage still owed for Patrick McMath.

Affirmed in part, reversed in part, and remanded for determination in accordance with this opinion. We do not retain jurisdiction.