GRAY v INDEPENDENT LIBERTY LIFE INSURANCE COMPANY

1. DIVORCE—COURTS—JURISDICTION—INSURANCE.

    The authority of the court to act in divorce actions is purely statutory and there is no statutory provision which authorizes a trial court to compel a father to maintain insurance on his life for the benefit of his children; however, such terms of a judgment of divorce which originate from a conference between counsel for both parties and the trial judge and are the result of an agreement may be enforceable.

2. DIVORCE—JUDGMENT—INSURANCE—CHANGE OF BENEFICIARY—CHILD SUPPORT.

    A divorced father cannot be permitted to defeat his children's right to be secure with respect to support payments due them under the judgment of divorce and may not violate the terms of the judgment by changing beneficiaries on a life insurance policy from his children, who were required by the judgment to be named, to his wife after his remarriage; therefore, whatever support obligation remains shall be secured by the proceeds of the insurance policy.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 19534.) Decided January 9, 1975.

Complaint by Jane S. Gray, guardian of Kathleen J. Dempsey, and Dana M. Dempsey, against Independent Liberty Life Insurance Company and Nancy Dempsey for a declaratory judgment concerning ownership of the proceeds of a life insur-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 730.

    Inherent power of court to secure future payment of alimony and support money. 165 ALR 1243.

[2] 24 Am Jur 2d, Divorce and Separation §§ 834, 837, 856, 872.

ance policy. Judgment for plaintiffs. Defendant Nancy Dempsey appeals. Reversed and remanded.

*Smith, Haughey, Rice, Roegge & Gould* (by *Lance R. Mather)*, for plaintiffs.

*Warner, Norcross & Judd* (by *Harold S. Sawyer* and *Robert H. Skilton)*, for defendant Nancy Dempsey.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

QUINN, J. Nancy Dempsey (hereinafter defendant) appeals from the trial court judgment which awarded certain proceeds from a life insurance policy to Kathleen Jill Dempsey and Dana Mark Dempsey (hereinafter plaintiffs). The case was tried on stipulated facts and briefs.

Jane Seely Gray is the divorced wife of William Cyrus Dempsey. Plaintiffs are the children of that marriage. Defendant is the widow of Mr. Dempsey. Dana was born April 28, 1954 and Kathleen was born November 29, 1956. December 27, 1966, a judgment of divorce entered in an action by Jane as plaintiff and against William as defendant. The divorce was not contested. The trial was limited to alimony, child support and property settlement. The provisions of the judgment were worked out in chambers at a conference of counsel for both parties and the trial court.

The judgment provided for child support of $50 per week per child until the child attained 18 years of age or finished high school, whichever occurred last. In addition, the judgment provided:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*"Insurance*

"All rights of either of the parties hereto in or to the proceeds of any life insurance policy, endowment or annuity, upon the life of the other in which either was named the beneficiary, or to which either became or might become entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such policy was heretofore or shall hereafter be written or become effective, shall be and are hereby declared null and void and of no effect, in accordance with Act No. 220 of the Public Acts of Michigan for the year 1939.

"The defendant shall maintain in full force and effect the policies existing upon his life on the date of the filing of the complaint in this cause and shall keep and maintain thereon as sole beneficiaries the minor children as long as payments for the support of said children are required under the terms of this judgment. During said period, defendant shall likewise maintain hospital and medical insurance for the protection and benefit of the said children and shall be responsible for their extraordinary medical and hospital expenses.

*"College Education for Children*

"The court reserves the right to require the defendant to provide a college education for each of the minor children, including their reasonable living expenses, in accord with the aptitude and desire of each of the children and the circumstances of the defendant, when the children reach college age."

When the complaint in the divorce action was filed, Mr. Dempsey owned the following life insurance policies on his life:

| | | |
|---|---|---|
| "1. Northwestern Mutual | No. 4-065-510 | $2,500 |
| "2. Northwestern Mutual | No. 5-163-694 | $30,000 |
| "3. Metropolitan Life | No. 16-630-553-A | $2,500 |
| "4. Metropolitan Life | No. 231-860-M1 | $500 |
| "5. Independent Security Life (now Independent Liberty Life) | No. 50307-08 | $46,500 |
| | "TOTAL | $82,000" |

Mr. Dempsey made his children beneficiaries of these policies. November 1, 1969, after his remarriage to defendant, Mr. Dempsey changed the beneficiary on the Independent Liberty policy to defendant and increased the coverage to $50,000. March 31, 1971, Mr. Dempsey borrowed $6,565 on the two Northwestern Mutual Insurance Company policies. June 26, 1971, Mr. Dempsey took his own life, at which time all support payments were current.

Plaintiffs have received $27,860.21 from Northwestern Mutual Insurance Company and $3,363.12 from Metropolitan Life Insurance Company. Dana is 20 and has finished high school. He is conducting his own business, but he has expressed his intention to attend college. Kathleen is 18 and she has finished high school and is now attending college.

Plaintiffs' action sought a declaration of rights concerning ownership of the proceeds of the Independent Liberty policy. The trial court awarded $46,500 thereof to plaintiffs. The following excerpts from the trial court's opinion indicate his reasoning:

> "There is no ambiguity in the judgment of divorce in the Dempsey case relating to the insurance policies and the court must be guided by the clear language used. Also it cannot be said that intent of the provision was limited entirely to the paying of support for the children."

* * *

> "The action by Mr. Dempsey, in his lifetime of reducing the proceeds of certain policies and encumbering other policies, by loans, constitute a violation of the divorce decree and he should not be allowed, and the present Nancy Dempsey, should not be allowed to fur-

ther her interests by an act of Mr. Dempsey during his lifetime which violated the court's judgment and the acts of the decedent in failing to adhere to the terms of his divorce agreement should not be permitted to defeat the rights of the children to the proceeds of the insurance."

We agree with the trial court that the language of the divorce judgment relative to insurance is not ambiguous. However, we read that language to mean that Mr. Dempsey was to maintain the insurance with his children as beneficiaries for so long as he was obligated to pay support for the children under the judgment. If the meaning of that language is not so limited and it is read to mean that Mr. Dempsey was to maintain the life insurance with his children as beneficiaries, the provision would be invalid. In divorce actions, the authority of the court to act is purely statutory, *Flynn v Flynn,* 367 Mich 625; 116 NW2d 907 (1962). We find no statute authorizing a trial court to compel a husband and father to maintain insurance on his life for the benefit of his children.

We agree with the trial court that Mr. Dempsey violated the judgment of divorce by changing the beneficiary on the Independent Liberty policy. We do not agree with the trial court's conclusion, "the acts of the decedent in failing to adhere to the terms of his divorce agreement should not be permitted to defeat the rights of the children to the proceeds of the insurance". The violation cannot be permitted to defeat the children's right to be secure with respect to support payments due to them from the father.

We cannot tell from this record what that support is. The record indicates that the provisions of the judgment were worked out in chambers at a conference of both counsel and the trial judge. If

Mr. Dempsey, through counsel or otherwise, agreed to the provision on college education for the children, *Price v Price,* 51 Mich App 656; 215 NW2d 756 (1974), may be inapplicable. In that event, further support for the children may be due. Further hearings in the divorce action are required. Whatever that obligation is determined to be, it shall be secured by the proceeds of the Independent Liberty policy.

Reversed and remanded. Neither party having prevailed, no costs are awarded.

All concurred.