*In re* MONREAL ESTATE

Docket No. 64963. Submitted March 4, 1983, at Lansing.—Decided
     May 18, 1983. Leave to appeal applied for.

     In 1969, Robert Monreal was divorced from Catherine Monreal.
     As part of that divorce judgment, Robert Monreal was to
     designate his children as beneficiaries of his life insurance
     policy and such designation was to remain until his obligation
     to support his children had been completed. Robert Monreal
     designated his children as beneficiaries of the insurance policy.
     Robert Monreal remarried and in 1972, contrary to the provi-
     sions of the divorce judgment, he made his second wife, Zetta
     Dean Monreal, the sole named beneficiary of the life insurance
     policy. Zetta and Robert Monreal were divorced in 1980, and, as
     part of that divorce judgment, any interest Zetta Dean Monreal
     had in the insurance policy was terminated. In 1981, Robert
     Monreal died. At the time of his death, the only named benefi-
     ciary on the life insurance policy was Zetta Dean Monreal.
     Catherine Monreal commenced an action in Genesee Circuit
     Court as conservator of the estate of Christopher P. Monreal,
     Robert Monreal's remaining minor child, seeking the life insur-
     ance proceeds on behalf of the children in accordance with the
     designation provision of the first divorce judgment, naming
     Zetta Monreal and Lucy R. Beaulieu, personal representative of
     the estate of Robert Monreal, as defendants. The Genesee
     Circuit Court transferred the matter to the Genesee Probate
     Court. The probate court, Harold E. Resteiner, J., granted
     plaintiff's motion for summary judgment, holding that Robert
     Monreal could not change the beneficiaries of his life insurance
     policy and ordering that the proceeds be used to pay the child
     support obligation until that obligation ended and that thereaf-
     ter the remaining proceeds be distributed to the children of

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 834, 856.
Decree for periodical payments for support or alimony as a lien or
     the subject of a declaration of lien. 59 ALR3d 656.
Death of parent as affecting decree for support of child. 18 ALR2d
     1126.

Robert Monreal in equal shares. The personal representative of Robert Monreal's estate appeals. *Held:*

The proceeds from the life insurance policy were properly ordered to be used to insure payment of the child support obligation in accordance with the mandate of the first divorce judgment. The remainder of those proceeds after the child support obligation is terminated should have been ordered to be paid to the estate, since by both his will and his actions Robert Monreal evidenced an intention that his children should have no benefit from those proceeds beyond the benefit arising from the child support obligation.

Reversed and remanded.

Divorce — Insurance — Child Support.

The proceeds from a life insurance policy of a deceased father who in a divorce judgment was ordered to designate his minor children as beneficiaries of such policy until his obligation to provide child support had terminated shall be treated as security for the child support obligation notwithstanding the fact that the deceased father, contrary to the divorce judgment, removed his children as designated beneficiaries on that policy; where there exists no designated beneficiary with an enforceable right to such insurance proceeds and there is a clear indication that the children shall have no individual interest in the proceeds, the insurance proceeds remaining after the court-ordered child support obligation is satisfied are payable to the estate of the deceased.

*Richard P. King,* for plaintiff.

*Bennett S. Engelman,* for Lucy R. Beaulieu.

Before: R. B. Burns, P.J., and Bronson and R. E. Robinson,* JJ.

Per Curiam. On December 29, 1969, Robert Monreal was divorced from Catherine Monreal. Attached to the divorce judgment and made a part of it was a property settlement agreement executed by the parties to the following effect:

---

* Former circuit court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"6. Each party shall have the insurance contract on his or her own life, free from the claim of the other party, but the plaintiff shall designate the minor children of the parties as irrevocable beneficiaries on his life insurance policy or policies until his obligation to pay support for said minor children has been fully completed."

This agreement between the parties was carried into the support paragraph of the divorce judgment:

"IV Support for Minor Children

"It is further ordered and adjudged that the plaintiff, Robert Monreal, shall pay to the defendant, Catherine Monreal, as and for support of the minor children * * * the sum of seventy-five ($75.00) dollars each week as support for the said minor children as long as the support obligation includes five minor children; when the plaintiff's child support obligation includes four minor children, the plaintiff shall pay the sum of sixty-five ($65.00) dollars each week for the support of said children; when the support obligation includes three minor children, the support obligation shall be fifty-five ($55.00) dollars each week; when the support obligation includes two minor children, the support payments shall be fifty ($50.00) dollars each week; and when the support obligation includes and involves only one child, the support payment shall be thirty-five ($35.00) dollars each week.

"It is further ordered and adjudged that the support payment for each of the named minor children shall continue until each child attains the age of eighteen (18) years or completes high school, whichever event is later * * *.

"It is further ordered and adjudged that as further support, the plaintiff, Robert Monreal, shall designate the minor children, Robert M. Monreal, David A. Monreal, Anthony J. Monreal, Ann M. Monreal and Christopher D. Monreal, as irrevocable beneficiaries on his life insurance policy furnished by his employer, A. C. Spark Plug, and such designation shall remain until the plain-

tiff's obligation to support said minor children has been completed fully as above provided."

On January 12, 1971, Robert Monreal designated his five children as beneficiaries of his life insurance policy held with Metropolitan Life Insurance Company, and, as a sixth beneficiary, his then wife, Zetta Dean Monreal. On January 26, 1972, he again changed beneficiaries, making Zetta the sole beneficiary.

Zetta was divorced from Robert on April 19, 1980, the judgment providing that any interest she may have had in any policy of insurance on Robert's life was thereby terminated.

On July 24, 1981, Robert died, leaving a will which specifically excluded his children as beneficiaries of his estate.

At Robert's death, Zetta was the only designated beneficiary of the insurance policy.

Claims to the proceeds of the policy were made to the insurer by Zetta, by Robert's estate, and by his children, through Catherine, their mother and as conservator for Christopher, a minor. The other four children have reached age 18 and are out of high school.

A law suit impleading all of the aforementioned parties was transferred by the Genesee County Circuit Court to the Genesee County Probate Court where the administration of Robert's estate was pending. Zetta has since abandoned her claim to the insurance proceeds, which amount to $26,-000.

Based on the above facts, which were either stipulated or undisputed, the probate court, in ruling on a motion for summary judgment brought by Catherine Monreal, held that, under the property settlement agreement entered into by Robert

and Catherine, Robert could not change the beneficiaries under his insurance policy until his youngest child reached the age of majority and awarded the proceeds to Catherine as conservator for Christopher, to pay out of such proceeds the weekly support required by the judgment of divorce until Christopher reached his eighteenth birthday and then to distribute the remaining proceeds equally to Robert's five children.

This appeal presents three possibilities for disposition of the proceeds of the insurance policy: (1) that adopted by the probate court; (2) that adopted in *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590; 226 NW2d 574 (1975), which treated the proceeds as security for the support obligation; (3) that adopted in *Binben v Continental Casualty Co,* 9 Mich App 97; 155 NW2d 883 (1967), and in *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979), which awarded all the proceeds to the minor children.

The view which treats the insurance policy as only security to protect the children's right to support during their minority appeals to us as more appropriate to the facts of this case.

While we agree with the conclusion of the probate court that the insurance proceeds should be held as a fund for satisfaction of the support obligation owing to Christopher under the terms of the divorce judgment, we do not agree that the balance remaining in the fund upon his reaching his majority (or graduating from high school) should go to Robert's five children. The probate judge's reliance on *In re Long Estate,* 99 Mich App 240; 298 NW2d 13 (1980), as a guide to the distribution of the remainder is misplaced since the *Long* Court concerned itself only with the distribution of insurance proceeds to an adult child during

the minority of other children. It did not address the question of distribution of the remaining proceeds upon all of the children reaching their majority.

The agreement of the parties to the original divorce proceeding and the resulting judgment of divorce requiring that the children be maintained as beneficiaries only during their minority or until completion of their high school education makes it clear that the parties and the court intended the insurance only as security to make sure that the father's support obligation was satisfied in the event of his death prior to the termination of that obligation. Clearly, had Robert Monreal wanted his children to benefit from any insurance proceeds remaining after his support obligation was satisfied, he could have so provided, but he was not required to do so. While he violated both the agreement and the judgment by changing beneficiaries prior to termination of his support obligation, he could and did make it clear that the children were not to benefit from the insurance proceeds beyond the benefit inuring from securing the child support obligation. Since the only beneficiary now named in the policy, Zetta, has lost her right to seek the proceeds from the policy by virtue of the provision in the judgment in her divorce from Robert, the proceeds remaining after his court-mandated support obligation to Christopher is satisfied are payable to his estate.

In so holding, we do not quarrel with *Krueger* or *Binben, supra,* as in neither of those cases was the provision for insurance tied to a support obligation.

Reversed and remanded to the trial court for entry of an order consistent with this opinion.