METROPOLITAN LIFE INSURANCE COMPANY v SELF

Docket No. 64359. Submitted February 1, 1983, at Lansing.—Decided
September 28, 1983. Leave to appeal applied for.

    Perry D. Self was required by a divorce judgment to name his
three minor children as beneficiaries on a policy of insurance
on his life for as long as his support obligation lasted, which, by
the judgment's terms, was to be until each of the children
turned 18 or graduated from high school, whichever was later.
He never in fact so named the children as beneficiaries. Perry
Self died when his youngest child, Dana Self, was 18 years old
and still attending high school. The three children, Carolyn
Self (Perry's new wife) and the estate of Perry D. Self all
claimed an interest in the insurance proceeds. The insurer,
Metropolitan Life Insurance Company, brought an interpleader
action in Genesee Circuit Court against all the claimants for a
determination of entitlement to the proceeds. The three chil-
dren then brought a cross-complaint against Carolyn Self and
the estate. The court, Ollie B. Bivins, J., determined that the
insurance proceeds were payable to Dana Self by the terms of
the divorce judgment and granted summary judgment in favor
of Dana Self. Carolyn Self and the estate of Perry D. Self
appeal. *Held:*

    1. The requirement of the divorce judgment will be enforced
even though the deceased failed to name the children as
beneficiaries.

    2. The insurance policy was intended to be a part of the
deceased's support obligation. The children were to receive the
proceeds only if Perry Self died still owing them child support.
The support obligation to Dana had not yet been terminated
because Dana was still in high school at the time of Perry's

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 912, 1026, 1030.
    Provision in decree that one parent obtain or maintain life insur-
    ance for benefit of other party or child. 59 ALR3d 9.
[3] 24 Am Jur 2d, Divorce and Separation §§ 1048, 1058.
    Death of parent as affecting decree for support of child. 18 ALR2d
    1126.

death. Therefore, the trial court did not err in awarding Dana the proceeds of the policy.

Affirmed.

ALLEN, J., dissented. He would hold that the insurance provision was to serve only as security to make sure that Perry Self's support obligation was satisfied in the event of his death. Therefore, the proceeds should be held as a fund for satisfaction of the support obligation and, once the obligation is terminated, the balance of the proceeds should go to the decedent's estate. He would reverse.

### OPINION OF THE COURT

1. DIVORCE — CHILD SUPPORT — INSURANCE POLICIES — ENFORCEMENT OF JUDGMENT.

A settlement agreement in a divorce judgment which requires a supporting parent to name his or her minor children as beneficiaries of an insurance policy on the parent's life will be enforced even if the supporting parent fails to so name the children as beneficiaries.

2. DIVORCE — CHILD SUPPORT — INSURANCE POLICIES.

A divorce agreement which provides that the husband was to support his minor children until each became 18 years old or completed high school, whichever was later, and which required him to maintain the children as beneficiaries of a life insurance policy for so long as "his duty to support" the children continued should be interpreted so that the father's duty would be discharged only when the youngest child, who had already turned 18, had graduated from high school and therefore, where the father died prior to the youngest child's graduation, the youngest child should be considered to be the beneficiary of the life insurance policy.

### DISSENT BY ALLEN, J.

3. DIVORCE — CHILD SUPPORT — INSURANCE POLICIES.

*The proceeds of a policy of insurance on the life of a parent obligated by a divorce judgment to pay child support and to maintain his minor children as beneficiaries of the policy should be held, upon the death of the parent, as a fund for the satisfaction of the support obligation and, once the obligation has been terminated, the balance should be paid to the decedent's estate.*

*Mansour & Rizik, P.C.* (by *George F. Rizik, II),* for defendant Carolyn Self.

*Erik A. Warren,* for the estate of Perry D. Self, deceased.

*Bernstein & Bernstein* (by *Harvey M. Howitt),* for defendant Dana Self.

Before: T. M. Burns, P.J., and Allen and Cynar, JJ.

Per Curiam. On May 18, 1982, the trial court granted summary judgment pursuant to GCR 1963, 117.2(3) for defendant Dana Self. Defendants Carolyn M. Self and estate of Perry D. Self appeal as of right.

On April 20, 1971, Perry and Rita Self were divorced. As a part of the divorce settlement, the following paragraph was inserted under the child support provisions: "Perry D. Self shall maintain his group life insurance through his employment and shall name Dawn Self, Douglas Doyle Self and Dana Self as beneficiaries thereof for so long as his duty to support them shall continue." On September 14, 1980, Perry Self died. Both Dawn and Douglas were by then over 18 and had graduated from high school. Dana Self, on the other hand, although over 17, had not yet graduated from high school.

Eventually, plaintiff sued the rest of the parties in interpleader. Within a month, Perry Self's three children sued Carolyn Self (Perry's new wife) and the estate of Perry D. Self in a cross-complaint. About one month later, plaintiff, having deposited the proceeds of the policy with the court, was discharged from liability.

Courts will enforce a settlement agreement in a

divorce action requiring the supporting parent to name his or her minor children as beneficiaries of the insurance policy on the parent's life. *Kasper v Metropolitan Life Ins Co,* 412 Mich 232; 313 NW2d 904 (1981); *Krueger v Krueger,* 88 Mich App 722; 278 NW2d 514 (1979), *lv den* 406 Mich 1003 (1979). Such an agreement will be enforced even if the supporting spouse fails to name the children as beneficiaries (as happened in the present case). *Wiltz v John Hancock Mutual Life Ins Co,* 58 Mich App 604; 228 NW2d 484 (1975), *lv den* 394 Mich 774 (1975).

After reviewing it, we are convinced that the insurance policy in this case was intended to be part of Perry Self's support obligation.[1] See *In re Long Estate,* 99 Mich App 240; 298 NW2d 13 (1980). The children were to receive the life insurance proceeds if Perry Self died only if Perry Self still owed them child support. In both *Smith v John Hancock Mutual Life Ins Co,* 65 Mich App 193; 237 NW2d 244 (1975), and *Gray v Independent Liberty Life Ins Co,* 57 Mich App 590; 226 NW2d 574 (1975), this Court held that the children were not entitled to the life insurance provisions because the deceased parents no longer had any duty to pay child support. In the present case, both Dawn and Douglas have already recognized that they are not entitled to the insurance benefits because Perry Self had ceased owing them child support. On the other hand, although Dana was over 17, he had not yet completed high school. The

[1] In *In re Monreal Estate,* 126 Mich App 60, 64; 337 NW2d 312 (1983), the Court treated the insurance policy "as only security to protect the children's right to support during their minority". The language of the support agreement in this case stating that the children would remain beneficiaries, "until each child shall attain the age of eighteen years or completes high school, whichever is later" however is clear. The children who have turned 18 or finished high school no longer have any right to the insurance policy.

divorce settlement specifically stated that Perry Self's support obligation lasted until each child turned 18 or completed high school "whichever is later". As such, this case is like *Krueger, supra,* where this Court held that the child could recover even though he was 18 when his father died because the divorce settlement had continued the support obligation until the child turned 21 or had graduated from college.

The one factor distinguishing this case from *Krueger* is that in the present case Perry Self had sufficiently prepaid the child support so that he no longer owed anything when he died. As such, in a sense, he had already discharged his duty when he died. Therefore, cross-defendants argue, Dana Self should not recover.

The problem in this case centers around defining the word "duty" as it appears in the divorce settlement. We could define it as a legal duty which would be discharged only when the youngest child, *i.e.,* Dana Self, had graduated from high school. On the other hand, we could define it as a factual duty to be discharged when Perry Self had paid all that he was to pay in child support. The property settlement agreement does not clearly favor one interpretation over the other. But we have decided that the "legal duty" interpretation is the better one. Dana Self had already repeated the tenth grade. Conceivably, for one reason or another, his graduation from high school may have been postponed even further. In such an event, Perry Self's child support obligation would have been extended further. In that event, he would most likely have had to pay more in addition to what he had already prepaid. Because the legal duty to support Dana Self had not yet expired when Perry Self died, Dana Self was properly the beneficiary.

Cross-defendants also claim that Dana Self should not benefit from his own wrongdoing. In other words, had he completed high school according to the normal schedule, he would not have been able to recover. We reject this argument, however, for two reasons. First, we strongly doubt that Dana Self decided to repeat the tenth grade merely because he anticipated that his father would die a few years later. Second, the divorce judgment requires child support until he graduates from high school. It does not allow such an exception. Perry Self had to continue paying child support until Dana Self left high school.

Affirmed.

ALLEN, J. *(dissenting)*. I respectfully dissent. I believe that the parties only intended that the insurance provision, which was tied to the support provisions of the divorce judgment, serve as security to make sure that the noncustodial parent's support obligation was satisfied in the event of his death prior to the termination of that obligation. The insurance proceeds should be held as a fund for satisfaction of the support obligation and, once the obligation is terminated, the balance should go to decedent's estate.[1] This was the conclusion reached by another panel of this Court under similar facts. See *In re Monreal Estate*, 126 Mich App 60; 337 NW2d 312 (1983). In both *Monreal* and the instant case the divorce judgment required the father to maintain life insurance with the children named as beneficiaries; both required the father to provide financial support until the

---

[1] While decedent had prepaid his support, the amount owed by the estate cannot be finally ascertained until the support obligation is terminated under the judgment since support payments could be modified in response to a petition for an increase filed by the custodial parent.

children reached 18 or completed high school, whichever was later. In *Monreal* the children were "irrevocable beneficiaries * * * until the plaintiff's [father's] obligation to support said minor children has been completed fully as above provided". In the instant case, the children were beneficiaries "so long as his (father's) duty to support them shall continue". In both cases the father died when one child was still a minor and the other children had attained majority, and in both cases there remained more than enough life insurance proceeds to meet the deceased father's likely financial support to the minor child.

The question in both cases was what to do with the excess. Does it go to all the children, just to the one minor child as of the date of the father's death, or to the father's estate? *Monreal* held the excess goes to the father's estate. The majority in the instant case hold the excess goes to the remaining minor child. This is an apparent windfall. Because the two cases are so basically similar and because I find *Monreal* the better reasoned opinion, I conclude that the trial court's decision should be reversed and judgment entered in favor of appellants, pursuant to GCR 1963, 820.1(7), or, alternatively, that an evidentiary hearing should be conducted to ascertain the intent of the parties. I believe that the evidence that this particular provision was part of a negotiated property settlement was insufficient. Whether the Genesee County Friend of the Court requires inclusion of the insurance provision at issue before it will approve the judgment is especially relevant in determining the parties' intent.

The judgment should be reversed.