705 N.W.2d 34 (2005)
267 Mich. App. 415
In re ESTATE OF William Robert LOBAINA, Deceased.
Pamela S. Bolen, Guardian of Amanda Carmalina Lobaina, a minor, Plaintiff-Appellant,
v.
Karin A. Lobaina, Individually and as Personal Representative of the Estate of William Robert Lobaina, Deceased, Defendant-Appellee.
No. 260866.
Court of Appeals of Michigan.
Submitted July 7, 2005, at Grand Rapids.
Decided July 19, 2005, at 9:05 a.m.
Released for Publication October 13, 2005.
*35 Bensinger, Cotant & Menkes, P.C. (by Daniel J. Bebble), Gaylord, for the plaintiff.
Brandt Fisher Alward & Roy, P.C. (by Joseph C. Fisher and James R. Modrall, III), Traverse City, for the defendant.
Before: MURPHY, P.J., and SAWYER and DONOFRIO, JJ.
SAWYER, J.
Pamela Bolen and William Lobaina were divorced in 1991. Lobaina, who thereafter remarried, died on April 6, 2003. At the time of his death, the youngest child of the marriage, Amanda, was still a minor. Bolen filed a claim against Lobaina's estate for $40,000, representing the amount of the proceeds of a life insurance policy provided by Lobaina's employer. The life insurance policy named Lobaina's second wife, defendant Karin Lobaina, as the beneficiary. Plaintiff maintains that, pursuant to the judgment of divorce, the minor daughter should have been named as the beneficiary. Plaintiff appeals the trial *36 court's order of summary disposition, and we reverse and remand.
Plaintiff argues that her daughter was entitled to the proceeds of the life insurance policy under the terms of the judgment of divorce. We agree. Under a paragraph entitled "SUPPORT OF MINOR CHILDRENLIFE INSURANCE," the divorce judgment provided as follows:
IT IS FURTHER ORDERED AND ADJUDGED that both Plaintiff and Defendant shall forthwith irrevocably designate the minor children as beneficiaries of any life insurance policies they may have by virtue of their employment and they shall continue said minor children as beneficiaries until such time as their obligation to support said minor children as hereinbefore provided shall have been terminated or until the further Order of the Court.
The judgment of divorce also provided that Lobaina, who was the plaintiff in the divorce action, was to pay child support until Amanda reached eighteen years of age or graduated from high school, but in no event past the age of nineteen and one-half. Amanda was sixteen-years old when her father died. Accordingly, the support obligation was still in place at the time of his death.
Plaintiff argues that, under the express terms of the judgment, Lobaina was obligated to name Amanda as the beneficiary of his employer-provided life insurance benefit. We agree. Because the judgment of divorce was entered upon the settlement of the parties, it represents a contract, which, if unambiguous, is to be interpreted as a question of law.[1] In Gramer v. Gramer,[2] the Court stated:
Judgments entered pursuant to the agreement of parties are of the nature of a contract. Massachusetts Indemnity & Life Ins. Co. v. Thomas, 206 Mich.App. 265, 268, [520] N.W.2d [708] (1994). Furthermore, a settlement agreement, which is what this property settlement agreement is, is a contract and is to be construed and applied as such. Id.; supra; Eaton Co. Bd. of Road Comm'rs v. Schultz, 205 Mich.App. 371, 379, [521] N.W.2d [847] (1994). Absent a showing of factors such as fraud or duress, courts act properly when they enforce such agreements. Balabuch v. Balabuch, 199 Mich.App. 661, 662, 502 N.W.2d 381 (1993). Interpretation of unambiguous and unequivocal contracts is a question of law. In re Loose, 201 Mich.App. 361, 366, 505 N.W.2d 922 (1993).
The life insurance provision in the judgment of divorce in this case is clear and unambiguous. Both parties to the divorce were to "irrevocably designate the minor children as beneficiaries of any life insurance policies they may have by virtue of their employment," and that obligation was to continue until their obligation to support the minor children was terminated. It is undisputed that Lobaina had a $40,000 life insurance policy provided through his employment and that there was still an obligation to support Amanda. Therefore, by the clear and unambiguous terms of the divorce judgment, Lobaina was obligated to name Amanda as the beneficiary of that policy. Accordingly, the trial court erred in ruling in defendant's favor.
Defendant relies on In re Monreal Estate,[3] for the proposition that provisions within divorce judgments requiring minor *37 children to be named as beneficiaries of life insurance policies serve the purpose of securing the child support obligation and the child's entitlement to the proceeds of the policy when the parent fails to name the child as a beneficiary is limited to the extent of the remaining unpaid support obligation.[4]Monreal certainly does support defendant's position. The language in the divorce judgment in that case is similar to that employed in the case at bar. But Monreal was decided before November 1, 1990, and therefore we are not obligated to follow it.[5] And we choose not to follow it.[6] First, there are other opinions that, on similar facts, reach the opposite conclusion.[7] Second, contrary to defendant's assertion, Monreal does not stand for the general proposition that the life insurance provision in a divorce judgment serves only to secure the unpaid child support. The Monreal Court recognized a number of different possible outcomes, concluding that treating the life insurance in that case as securing the payment of child support was the interpretation "more appropriate to the facts of this case."[8] Third, while the facts in Monreal are similar to those in the case at bar, we believe Monreal was incorrectly decided. As stated above, the clear and unambiguous language of the judgment, both in Monreal and in the case at bar, provides that the minor children shall be beneficiaries of the parents' life insurance policies. Although the continuing existence of the support obligation establishes the time frame for the continuing existence of the insurance beneficiary obligation, the explicit language of the judgment does not provide that the purpose of that obligation is merely to secure the payment of the child support obligation after death.
In Self, there was a similar provision in the divorce settlement. Specifically, it required that the minor children be maintained as beneficiaries of the father's employer-provided life insurance as long as the father's "`duty to support them shall continue.'"[9] The Self Court noted that Monreal had concluded that the life insurance policy in that case was intended to secure the payment of support, but stated that the language in the settlement in Self made it "clear" that the children would remain beneficiaries until the support obligation ended.[10] The Court also made the observation that the life insurance was intended to be part of the support obligation itself, rather than just a means to secure the support obligation.[11]
The Monreal Court looked to Gray v. Independent Liberty Life Ins. Co.,[12] for the proposition that the designation of the minor children as the beneficiaries of life insurance policies serves to secure the support obligation.[13] But Monreal appears to have overlooked an important distinction in Gray, namely that the Gray case concerned itself with the ability of the trial *38 court to compel the parent to name the minor children as beneficiaries. Ultimately, the Gray Court concluded that the trial court lacked that authority except to the extent that it is used to secure the payment of the child support obligation.[14] But neither Monreal nor the case at bar involves the authority of the court to impose such a condition following a trial, involving instead the parties agreeing to the designation of the children as beneficiaries. The parties to a divorce are free to reach an agreement that the trial court lacks the authority to compel.[15] In Krueger v. Krueger, the Court upheld just such an agreement where the parties agreed in their divorce settlement to have their son named the beneficiary of the father's life insurance policy until the son reached the age of twenty-one years or graduated from college.[16]
We disagree with defendant's suggestion in her brief that the only purpose of a life insurance provision in a divorce judgment is to secure the future payment of child support. That is a possible purpose for the clause, but it certainly is not the only purpose. The parties may simply wish to provide additional security for their minor children in the event that a parent dies while one or more of the children are still minors. Ultimately, it does not matter why the parties agreed to require that any minor child be a beneficiary of the life insurance policy. The fact remains that the explicit language of the divorce judgment so provides. Conversely, had the parties wished to only secure the payment of any remaining child support, the language of the judgment could have been drafted accordinglywe are not concluding that there is an inherent obligation to make the minor children beneficiaries of the whole amount of the parents' life insurance. For example, the judgment could have required that Lobaina maintain life insurance in an amount sufficient to secure the support obligation with the minor children named as beneficiaries until they were no longer entitled to child support. But the judgment did not so provide.
Indeed, the life insurance provision is not at all related to the support obligation beyond the fact that the obligation to name the children as beneficiaries ended at the same time that the support obligation ended. But there was no obligation to maintain insurance in an amount necessary to secure the support obligation. That is, Lobaina was obligated to name the minor children as beneficiaries of the employer-provided life insurance regardless of the amount of that insurance. The insurance might have been more than enough to secure the unpaid support obligation, or it may have been woefully inadequateand there was no requirement for Lobaina to obtain other life insurance to secure the support obligation. If the parties' only intent was to ensure the security of future child support payments, the provision would have required that Lobaina maintain sufficient life insurance, regardless of source, to achieve that goal. But Lobaina was under no obligation to maintain any life insurance beyond that provided by his employer.
For that matter, both parents were required under the judgment to name their children as beneficiaries of their employer-provided life insurance, yet only the father *39 was obligated to pay child support. This fact further supports the view that the life insurance clause was not merely intended to secure the payment of future child support. While not essential to reach this conclusion, this mutual obligation clause makes the conclusion that the insurance clause was not intended to secure child support payments very compelling.
In sum, we hold that a provision in a divorce settlement that requires either or both parties to name the minor children as beneficiaries of their life insurance policies is not inherently limited to securing the payment of future child support. Such a provision may, depending on the nature of the agreement, provide for either the payment of the entire proceeds of the policy to the minor children, or only the amount of the remaining support obligation. Where, as here, the divorce judgment broadly imposes the obligation to name the children as beneficiaries without any indication that the purpose of the provision is merely to secure the payment of the future child support obligation, the children are entitled to the entire life insurance proceeds without respect to the remaining balance of child support owed. Given the lack of an express statement in the judgment that the purpose of the life insurance clause was to secure child support payments or other clear indication of such a purpose, such as linking the amount of insurance that must be maintained to the amount of future support owed, there is no basis for finding such a purpose. On the other hand, the fact that the decedent was not obligated to obtain insurance if no employer-provided insurance was available, the fact that there was no obligation to ensure that there was enough insurance to secure the remaining support obligation, and the fact that both parents had an obligation to name the minor children as beneficiaries despite the fact that only one had a support obligation all indicate that no such limited purpose was intended.
Next, defendant argues that they should receive credit for the amount that the minor child will receive from social security for survivor benefits because of decedent's death, citing Frens v. Frens.[17] We disagree. Frens dealt with the issue of a credit against child support for amounts received by the child as social security disability benefits following the parent's disability. It is by no means clear that Frens would apply in the context of whether there should be a credit for survivor benefits against the remaining support obligation of a deceased parent. In any event, as discussed above, the life insurance proceeds do not represent the payment of decedent's weekly child support obligation. Accordingly, there is no credit against the life insurance proceeds arising from any survivor benefits that the child receives.
Finally, plaintiff argues that the trial court erred in denying her an award of attorney fees. We agree. The judgment of divorce provided as follows:
If either party hereto fails to comply with any of the terms and conditions of the Judgment of Divorce, the prevailing party shall be entitled to their actual attorney fees, in addition to all other statutory attorney fees and costs from the losing party.
Decedent failed to comply with the terms of the judgment regarding the naming of his minor child as the beneficiary of his employer-provided life insurance. Plaintiff prevailed in the action to enforce the judgment. *40 Accordingly, she is entitled to an award of her actual attorney fees. On remand, the trial court shall determine the appropriate amount of that award.
Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.
NOTES
[1] Gramer v. Gramer, 207 Mich.App. 123, 125, 523 N.W.2d 861 (1994).
[2] Id.
[3] 126 Mich.App. 60, 337 N.W.2d 312 (1983), aff'd 422 Mich. 704, 375 N.W.2d 329 (1985).
[4] Id. at 64, 337 N.W.2d 312.
[5] MCR 7.215(J)(1).
[6] We do not believe the Supreme Court's opinion in Monreal is relevant to this case because the Supreme Court's focus was on a question not present here, namely whether the decedent's adult children should share in the life insurance proceeds.
[7] See, e.g., Metropolitan Life Ins. Co. v. Self, 129 Mich.App. 242, 341 N.W.2d 488 (1983).
[8] Monreal, supra at 64, 337 N.W.2d 312.
[9] Self, supra at 244, 341 N.W.2d 488.
[10] Id. at 245 n. 1, 341 N.W.2d 488.
[11] Id. at 245, 341 N.W.2d 488.
[12] 57 Mich.App. 590, 226 N.W.2d 574 (1975).
[13] Monreal, supra at 64, 337 N.W.2d 312.
[14] Gray, supra at 594, 226 N.W.2d 574.
[15] Krueger v. Krueger, 88 Mich.App. 722, 725, 278 N.W.2d 514 (1979), citing Newton v. Security Nat'l Bank of Battle Creek, 324 Mich. 344, 37 N.W.2d 130 (1949).
[16] Krueger, supra at 724-725, 278 N.W.2d 514; see also Kasper v. Metro. Life Ins. Co., 412 Mich. 232, 313 N.W.2d 904 (1981).
[17] 191 Mich.App. 654, 478 N.W.2d 750 (1991).