# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS ALLEN KEZHAYA,

Plaintiff-Appellant,

v

ANNE LYNNE KEZHAYA and SAMUEL
LOUIS ABDOO,

Defendants-Appellees.

UNPUBLISHED
December 14, 2017

No. 334202
Wayne Circuit Court
Family Division
LC No. 15-007858-CZ

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Thomas Kezhaya filed suit against his ex-wife, Anne Kezhaya, and her new husband, Samuel Abdoo, claiming that Anne fraudulently transferred the marital home that was awarded to her in a modified consent divorce judgment to Abdoo. Thomas alleged that Anne made this transfer to render herself insolvent so that Thomas would be responsible for paying a $425,000 restitution order entered against the pair jointly. The circuit court dismissed Thomas's action based on the language of the divorce judgment. We affirm.

## I. BACKGROUND

Anne and Thomas were divorced in 2012. During their marriage, Anne pilfered money from the accounts of her elderly mother in Ohio to pad her family's income. Anne's mother eventually discovered the crime and pressed charges. Anne was convicted of several crimes in Ohio, and was ordered to make restitution of more than $800,000. Anne's mother filed suit in Ohio against Anne and Thomas to collect the restitution amount. That suit was still pending when the parties divorced. As part of the original consent judgment of divorce, Anne agreed to be "solely responsible and liable for paying this money judgment obligation" and to "indemnify and hold harmless [Thomas] with regard thereto." Anne made the same promises in relation to any future lawsuit involving her mother.

In the original consent divorce judgment, the parties agreed to the division of three houses in metro Detroit. Thomas took title to two homes free and clear of any claim by Anne. Anne retained the marital home, where she would live with the couple's three children. However, Thomas retained an interest in the property as a tenant in common. Later, Anne discovered that Thomas had hidden a bank account containing $2,000,000. On October 29,

-1-

2013, the parties agreed to a modified consent judgment under which Thomas could retain his bank account. In exchange, Anne was awarded the marital home as "her sole and separate property . . . free and clear of any claim of [Thomas]," as well as $35,000. Thomas quitclaimed his interest in the home to Anne.

One week later, Anne married Abdoo. The day before the wedding, the parties entered a prenuptial agreement. Pursuant to the agreement, Anne quitclaimed her home to Abdoo. In exchange, Abdoo promised "to provide financial support for the care, maintenance, education, and support" of Anne's three children, as well as all to pay all of the family's household expenses. In the event the parties divorced, Abdoo promised that Anne and the children could remain in the home until the youngest turned 21.

On February 26, 2014, Anne and Thomas reached a settlement agreement with Anne's mother. They promised to pay Anne's mother $425,000 in exchange for a full release of her claims against them. Thomas alleged that he did not learn about Anne's transfer of the marital home to Abdoo until after the settlement was reached. As Anne had been unemployed for several years due to her criminal conviction, her only assets were a $30,000 lump sum alimony payment and $35,000 property settlement awarded in the divorce. Thomas asserted that he thought Anne would use the value of her home to pay the settlement with her mother. As Anne no longer owned the home, Thomas was left on the hook for the entire $425,000 and no way to enforce Anne's indemnification promise.

Thomas initially filed a motion to enforce the divorce judgment in the existing divorce case. His motion alleged that Anne fraudulently transferred her house to her new husband to avoid paying a debt in violation of the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.* He therefore sought to invalidate the transfer and return the house to Anne's name so she would be solvent to reimburse him for the judgment paid to her mother. The court ultimately dismissed Thomas's motion, finding that it lacked jurisdiction to decide the UFTA claim within the confines of the divorce action as the property was no longer in the hands of the parties to that action.

Thomas then filed the current suit against Anne and Abdoo, again challenging Anne's transfer of the property as fraudulent. Anne and Abdoo did not timely respond and the court entered a default against them. Anne and Abdoo promptly requested that the default be set aside, explaining that they received an order reassigning the case to a different circuit court judge before the summons and that as a result they did not understand that a new lawsuit had been filed against them. The circuit court agreed and set aside the default.

The circuit court subsequently dismissed Thomas's action based on the language employed in the modified divorce judgment. Specifically, Thomas agreed to Anne taking the marital home "free and clear of any claim of [Thomas]." This precluded Thomas's current UFTA challenge, the court concluded.

## II. DEFAULT JUDGMENT

Thomas contends that the circuit court should not have set aside the default judgment against Anne and Abdoo. Anne and Abdoo, on the other hand, complain that this Court lacks

jurisdiction to consider the order setting aside the default because Thomas did not immediately appeal that order. However, relevant to the case before us, this Court only has jurisdiction on an appeal as of right from a final judgment. MCR 7.203(A)(1). A final judgment is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order." MCR 7.202(6)(a)(*i*). The order setting aside the default was not a final judgment. *Allied Electric Supply Co, Inc v Tenaglia*, 461 Mich 285, 288-289; 602 NW2d 572 (1999). The final order was not issued until the circuit court resolved the parties' summary disposition motions. "Where a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992). Thus, this Court has jurisdiction over Thomas's challenge.

We review for an abuse of discretion a trial court's decision to set aside a default judgment. *Brooks Williamson & Assocs, Inc v Mayflower Constr Co*, 308 Mich App 18, 24; 863 NW2d 333 (2014). "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1).

"Good cause" can be shown by: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008) (quotation marks and citations omitted). The following factors should be considered by the trial court in determining whether a party has shown good cause:

> (1) whether the party completely failed to respond or simply missed the deadline to file;
>
> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;
>
> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;
>
> (4) whether there was defective process or notice;
>
> (5) the circumstances behind the failure to file or file timely;
>
> (6) whether the failure was knowing or intentional;
>
> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);
>
> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and
>
> (9) if an insurer is involved, whether internal policies of the company were followed. [*Id.* at 238.]

In addition, "if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Id.* at 233 (citation omitted). In determining whether the party has a meritorious defense, the trial court should determine whether the affidavits provided by the party contain evidence that:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or
>
> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Id.*]

The circuit court determined that Anne and Abdoo established good cause to set aside the default. The court noted that Thomas filed the complaint on June 16, 2015, but did not serve it on defendants until July 20. Prior to receiving the complaint, Anne and Abdoo received a notice that the case had been transferred to a different judge. The summons contained a notation that the prior divorce case was no longer pending. It was understandable that non-lawyers could be confused by this. Moreover, Anne and Abdoo reasonably relied on the advice of Anne's divorce attorney, who was not aware of any new litigation. Anne and Abdoo filed a motion to set aside the default within 10 days of receiving the default. And they vigorously defended against the UFTA allegations in the prior divorce proceedings. Under the circumstances, the circuit court properly found good cause established.

Anne and Abdoo also satisfied their burden of setting forth a potentially meritorious defense. Anne and Abdoo each submitted an affidavit, contending that the property transfer was not fraudulent. They had explained their positions in the prior divorce action as well, before that court dismissed the action. The court acted within its discretion in determining that the presented defense was sufficient to reinstate the current action.

## III. SUMMARY DISPOSITION

Thomas also challenges the circuit court's summary dismissal of his claims against Anne and Abdoo. "We review a trial court's decision on a motion for summary disposition de novo." *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open

-4-

an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher*, 300 Mich App at 139-140.]

The circuit court correctly determined that the modified consent judgment of divorce demanded the dismissal of Thomas's current complaint. A judgment of divorce "entered upon the settlement of the parties . . . represents a contract, which, if unambiguous, is to be interpreted as a question of law." *In re Lobaina Estate*, 267 Mich App 415, 417-418; 705 NW2d 34 (2005). We employ contract principles to interpret the judgment. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). We interpret and apply contracts according to their plain and ordinary meaning. *Holmes v Holmes*, 281 Mich App 575, 593-594; 760 NW2d 300 (2008).

> Under ordinary contract principles, if contractual language is clear, construction of the contract is a question of law for the court. If the contract is subject to two reasonable interpretations, factual development is necessary to determine the intent of the parties and summary disposition is therefore inappropriate. If the contract, although inartfully worded or clumsily arranged, fairly admits of but one interpretation, it is not ambiguous. The language of a contract should be given its ordinary and plain meaning. [*Id.* at 594, quoting *Meagher v Wayne State Univ*, 222 Mich App 700, 721-722; 565 NW2d 401 (1997) (citations omitted).]

The amended consent judgment of divorce specifically provided that Anne was awarded the marital home "as her sole and separate property . . . free and clear of any claim of [Thomas]." This language could not be more clear—Thomas had no right to pursue a claim against the marital home. He could not seek to have Anne's transfer invalidated as this was a claim against the property.

Moreover, the consent judgment included another provision precluding Thomas from seeking relief. The judgment provided that it was "drafted cooperatively by the parties' counsel (in consultation with the parties) and neither party will be entitled to claim the benefit of any ambiguity in the draft of this Order as a result of who drafted this Order." Accordingly, Thomas could not argue that the language awarding the marital home to Anne was ambiguous or that it should be construed in his favor.

In any event, we note that Thomas's claim that the parties did not intend to preclude any and all future claims he may have against the marital home is unconvincing. Anne explained in great detail the reasoning behind the absolute award of the marital home to her in the amended judgment of divorce. This agreement was made so Thomas could avoid additional liability to her as a result of his hiding $2,000,000 in liquid assets and so that Anne could ensure that she and her children would have a home. Thomas did not challenge the accuracy of this statement until his motion for reconsideration of the summary disposition judgment. "[A]ppellate review of [a] trial court's [summary disposition] decision is limited to the evidence that had been presented at

the time the motion was decided." *Gorman v American Honda Motor Co*, 302 Mich App 113, 120; 839 NW2d 223 (2013).  Ultimately, Thomas did not present evidence to support his claims.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien