# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 30, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156364 & (42)

THADDEUS J. ANDRUSZ,
            Plaintiff-Appellee/
            Cross-Appellant,

v

                                        SC: 156364
                                        COA: 331339
                                        Oakland CC: 2008-744224-DM

JACQUELINE R. ANDRUSZ,
            Defendant-Appellant/
            Cross-Appellee.

_____/

On order of the Court, the application for leave to appeal the July 13, 2017 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent from this Court's order denying plaintiff's application for leave to appeal. I write separately because I question the Court of Appeals' conclusion that the consent judgment of divorce is ambiguous.

A consent judgment of divorce is to be construed using the same contractual construction principles that apply to any other species of contract. See generally *Sweebe v Sweebe*, 474 Mich 151 (2006); see also *Laffin v Laffin*, 280 Mich App 513, 517 (2008); *In re Lobaina Estate*, 267 Mich App 415, 417-418 (2005). Accordingly, the parties' consent judgment is ambiguous if two provisions irreconcilably conflict with each other, *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467 (2003), or if a term is equally susceptible to more than a single meaning, *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40 (2017); *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503 (2007).

The relevant portion of the parties' consent judgment in this case provides:

Defendant is awarded modifiable spousal support that shall terminate upon the death or remarriage of the Defendant. Commencing January 1, 2009, Plaintiff shall pay $6,000 per month from Plaintiff's salary directly to Defendant on the first of each month based on Plaintiff's base income of $204,000 annually and Defendant having no income. Additionally, in the event Plaintiff's salary from employment is greater than $204,000 in a given year (January 1 through December 31), he shall pay 25% of said amount from employment-related bonus or commission via electronic fund transfer to Defendant as additional spousal support within 7 (seven) days of receiving same.

The Court of Appeals concluded that, considering the four corners of the document, this consent judgment was ambiguous because "salary" in the third sentence could be reasonably understood as meaning plaintiff's "base salary" or "income." To support this conclusion, the Court of Appeals noted that the second sentence of the relevant paragraph appeared to treat "salary" and "base income" as being synonymous with one another and that "salary from employment" and "employment-related bonus or commission" in the third sentence appeared to be related. Oddly enough, in concluding that the consent judgment was ambiguous, the Court of Appeals never held that provisions of the consent judgment irreconcilably conflict with each other. Nor did it expressly hold that any term was *equally susceptible* to more than a single meaning.

Moreover, a court cannot create an ambiguity where none exists in order to reach a desired result, see *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82 (2007), nor can a court refuse to enforce an unambiguous contractual provision on the basis of a judicial assessment of "reasonableness," *Rory v Continental Ins Co*, 473 Mich 457, 469 (2005). When the terms in the consent judgment are afforded their plain and ordinary meaning, the parties' consent judgment is unambiguous and must be enforced as written. See *Rory*, 473 Mich at 464, 468.

To begin, the second sentence of the relevant paragraph of the consent judgment requires plaintiff to pay $6,000 per month from his "*salary* . . . based on Plaintiff's *base income* of $204,000 annually . . . ." (Emphasis added.) Given this language and sentence structure, I agree with the Court of Appeals that the consent judgment appears to treat the word "salary" and the phrase "base income" as being synonymous with one another, which, at first blush, might suggest some ambiguity. The plain meaning of "salary" is a "fixed compensation paid regularly for services," while "income" means either "a gain or recurrent benefit usu[ally] measured in money that derives from capital or labor" or "the amount of such gain received in a period of time[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). Thus, income is more encompassing than salary in terms of

financial gain. However, the consent judgment's use of the qualifier "base," which has definitions including "a first or bottom layer of something on which other elements are added" and "the starting point," *Merriam-Webster Dictionary*, <https://www.merriam-webster.com/dictionary/base> (accessed March 21, 2018) [https://perma.cc/GJZ6-F9A6], connotes that the minimum amount or starting point of plaintiff's total "income" was his annual "salary" of $204,000. Thus far, there is no ambiguity based on the plain and ordinary meaning of the word "salary" or the phrase "base income."

Next, the third sentence provides that, if "Plaintiff's *salary from employment* is greater than $204,000 in a given year (January 1 through December 31), he shall pay 25% of said amount from *employment-related bonus or commission . . . .*" (Emphasis added.) Affording the words "bonus"[1] and "commission"[2] their plain and ordinary meaning, this sentence simply provides that plaintiff must pay 25 percent of a bonus or commission related to his employment if his salary is greater than $204,000. Again, there is no ambiguity.

Because a strong argument may be made that the parties' consent judgment is unambiguous, I would grant leave to appeal in this matter.

MARKMAN, C.J., joins the statement of ZAHRA, J.

---

[1] *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "bonus" as "something in addition to what is expected or strictly due," such as "money or an equivalent given in addition to an employee's usual compensation[.]"

[2] *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "commission" as "a fee paid to an agent or employee for transacting a piece of business or performing a service; *esp*[*ecially*] : a percentage of the money received from a total paid to the agent responsible for the business[.]"



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 30, 2018



Clerk

t0327