*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA ANDERSON,

      Plaintiff-Appellee,

v

LAWRENCE MARK, Personal Representative of the
ESTATE OF ARTHUR MARK III,

      Defendant-Appellant.

UNPUBLISHED
January 5, 2023

No. 358735
Genesee Circuit Court
LC No. 03-251311-DO

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

GARRETT, P.J. (*concurring in part, dissenting in part*).

I concur in the majority's conclusion that the circuit court properly exercised jurisdiction over the enforcement of the judgment of annulment. But I respectfully dissent from the decision to reverse the circuit court's order denying defendant's motion to enforce the judgment's life insurance provision. In my view, the conflicting sentences in the disputed provision render the language ambiguous as to the intent of the parties. Therefore, I would vacate the circuit court's order and remand this matter to the circuit court to resolve the ambiguity in the judgment, and if necessary, consider extrinsic evidence to properly interpret the provision.

## I. PRINCIPLES OF LAW

A judgment of annulment, entered by agreement of the parties, represents a contract. See *In re Lobaina Estate*, 267 Mich App 415, 417-418; 705 NW2d 34 (2005). The proper interpretation of a contract, and whether contract language is ambiguous, are questions of law that we review de novo. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). As we explained in *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017), a case involving interpretation of a divorce judgment:

> Unambiguous contracts must simply be enforced as they are written, absent a handful of extremely unusual circumstances like fraud, duress, or illegality. However, if provisions of a contract irreconcilably conflict or can be reasonably understood as meaning different things, the contract is ambiguous as a matter of law, and its proper meaning therefore becomes a question of fact. The courts may

in that event consider extrinsic evidence to resolve the ambiguity, but the overarching goal, to which any rule of interpretation must bow, is to determine the intent of the parties. [Citations omitted.]

In discerning the parties' intent, we must also read the plain language of the disputed provision as a whole. See *In re Lett Estate*, 314 Mich App 587, 601; 887 NW2d 807 (2016). Likewise, we must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp,* 468 Mich at 468.

## II. AMBIGUITY IN THE CONTRACTUAL LANGUAGE

At issue, the judgment of annulment stated:

### STATUTORY INSURANCE PROVISION

IT IS HEREBY ORDERED AND ADJUDGED that unless otherwise stated below any rights of either party as a named beneficiary or by assignment during or in anticipation of marriage in any policy or contract of life insurance, endowment, or annuity insurance on the life of the other are extinguished.

Each party acknowledges that, *notwithstanding the language of this clause*, they have been advised by their representative counsel that it *shall be the responsibility of each party to make the appropriate changes in beneficiary designation of any policies on his/her life to effectuate the intent of this judgment* in light of a recent decision in the Federal 6th Circuit Court, Metropolitan Life Ins. V. Pressley, no 94-2093, regarding the effect of divorce on beneficiary designation. [Emphasis added.]

The majority concludes that this provision unambiguously waived plaintiff's interest to any proceeds from the life insurance policy held by Arthur. In the majority's view, the first sentence provides an explicit waiver and extinguishment of rights, and the second sentence—while imposing a duty on Arthur—does not specify that inaction nullifies the waiver. I respectfully disagree with the majority's thoughtful opinion because reading the life insurance provision as a whole creates ambiguity about the parties' intent.

First, the two sentences of the disputed provision inherently conflict. The first sentence provides that "unless otherwise stated below"—i.e., in the second sentence—the rights of either party as a named beneficiary on a life insurance policy are "extinguished." Thus, in isolation, plaintiff's entitlement to proceeds from Arthur's life insurance policy was eliminated. But in the very next sentence, the provision states that "notwithstanding" the previous language, it "shall be the responsibility of each party to make the appropriate changes in beneficiary designation of any policies on his/her life to effectuate the intent of this judgment." It is undisputed that Arthur never removed plaintiff as a beneficiary on his life insurance policy before his death. Considering the language in the second sentence, the judgment can be reasonably understood to provide that

-2-

changing the beneficiary designation was a condition precedent[1] to extinguishment of plaintiff's right to proceeds. And because these changes were necessary to "effectuate the intent of this judgment," it is ambiguous whether the parties intended for the judgment to eliminate plaintiff's entitlement to proceeds *irrespective* of these changes being made. Thus, I cannot conclude from the plain language as a whole that plaintiff explicitly, voluntarily, and in good faith waived her rights to life insurance proceeds.

Second, I am not persuaded that subsequent decisions of this Court and our Supreme Court remove any ambiguity. The majority concludes that binding caselaw is "abundantly clear that [*Metro Life Ins Co v Pressley,* 82 F3d 126 (CA6, 1996)] is not controlling law in cases like the case at bar where a decedent and his ex-wife specifically provided in their consent judgment of annulment for waiver of any rights to the proceeds of any life insurance policies." But the question here is not whether *Pressley* independently binds Michigan courts on the waiver issue. Clearly it does not. See *Sweebe v Sweebe*, 474 Mich 151, 160; 712 NW2d 708 (2006). Rather, the question is whether—by expressly incorporating *Pressley* into the judgment of annulment—the parties intended to require either party to affirmatively act to change the beneficiary designation in the life insurance policy. While *Pressley* does not generally control these types of cases, the parties may have intended, for better or worse, the reasoning of *Pressley* to control *their case*.[2] The majority's interpretation fails to give meaning to the second sentence, rendering it nugatory, but we must consider the parties' inclusion of *Pressley* when interpreting the plain language of the judgment. See *Klapp*, 459 Mich at 468. And it is my consideration of this second sentence that contributes to the ambiguous nature of the provision.

III. CONCLUSION

Because I find the life insurance provision ambiguous, I would vacate the circuit court's order concluding as a matter of law that the proceeds from Arthur's life insurance policy are plaintiff's property. I would remand this matter to allow the parties to expand the record so that the circuit court may consider extrinsic evidence to resolve the ambiguity and determine the parties' intent.

/s/ Kristina Robinson Garrett

---

[1] A condition precedent is "a fact or event that the parties intend must take place before there is a right to performance under the contract." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 358992); slip op at 5 n 7 (quotation marks and citation omitted).

[2] There is also no indication that the waiver provisions at issue in the cases relied on by the majority—*MacInnes v MacInnes*, 260 Mich App 280, 287-288; 677 NW2d 889 (2004); *Moore v Moore*, 266 Mich App 96, 98-99; 700 NW2d 414 (2005); and *Sweebe*, 474 Mich at 153—included any language about the parties' responsibility to change the beneficiary designation. *MacInnes* was also decided over one month before the parties entered into the judgment of annulment.